1  LAURENCE D. KING, SBN 206243
   lking@kaplanfox.com
2  MATTHEW B. GEORGE, SBN 239322
   mgeorge@kaplanfox.com
3  **KAPLAN FOX & KILSHEIMER LLP**
   1999 Harrison Street, Suite 1560
4  Oakland, CA 94612
   Telephone:   415.772.4700
5  Facsimile:   415.772.4707

6
   MARK C. MOLUMPHY, SBN 168009
7  mmolumphy@cpmlegal.com
   TYSON REDENBARGER, SBN 294424
8  tredenbarger@cpmlegal.com
   NOORJAHAN RAHMAN, SBN 330572
9  nrahman@cpmlegal.com
   **COTCHETT, PITRE & McCARTHY LLP**
10 840 Malcolm Road, Suite 200
   Burlingame, CA  94010
11 Telephone:   650.697.6000
   Facsimile:   650.697.0577
12

13 *Counsel for Plaintiffs Beckman, Steinberg and*
   *Proposed Co-Lead Counsel for the Putative*
14 *Class*

C. BRANDON WISOFF, SBN 121930
bwisoff@fbm.com
ERIC D. MONEK ANDERSON, SBN 320934
emonekanderson@fbm.com
**FARELLA BRAUN + MARTEL LLP**
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
Telephone:   415.954.4400
Facsimile:   415.954.4480

MAEVE L. O'CONNOR (*pro hac vice* application
forthcoming)
mloconnor@debevoise.com
ELLIOT GREENFIELD (*pro hac vice* application
forthcoming)
egreenfield@debevoise.com
**DEBEVOISE & PLIMPTON LLP**
919 Third Avenue
New York, NY  10022
Telephone:   212.909.6000
Facsimile:   212.909.6836

*Counsel for Defendants*

15

16 **UNITED STATES DISTRICT COURT**

17 **NORTHERN DISTRICT OF CALIFORNIA**

18

19 DANIEL BECKMAN, Individually and On
   Behalf of All Others Similarly Situated,
20
                        Plaintiff,
21
22        v.

23 ROBINHOOD FINANCIAL, LLC,
   ROBINHOOD SECURITIES, LLC, and
24 ROBINHOOD MARKETS, INC.,

25                      Defendants.

26

Case No. 3:20-cv-01626-JD

**JOINT CASE MANAGEMENT CONFERENCE
STATEMENT AND RULE 26(f) REPORT**

CMC Date:   June 11, 2020
CMC Time:   10:00 am
Judge:       Hon. James Donato
Courtroom:   11

27

28

**JOINT CASE MANAGEMENT STATEMENT AND RULE 26(f) REPORT**[1]

Plaintiffs Daniel Beckman, Alexander Adame, Zak Ferris, Jared Freedland, Joseph Gwaltney, Eric Johann, David Kostenko, Leila Kuri, Ryan Metzler, Colin Prendergast, Michael Riggs, Jason Steinberg, Travis Taaffe, Romeo Toro, Jared Ward, and Mengni "Stephanie" Xia (collectively, "Plaintiffs"), and Defendants Robinhood Financial LLC, Robinhood Markets, Inc., and Robinhood Securities, LLC ("Defendants" or "Robinhood"), by and through their respective counsel of record, hereby submit the following Joint Case Management Statement and Fed. Rule 26(f) Report pursuant to Civil Local Rule 16-9, the Standing Order for All Judges of the Northern District of California, and Federal Rule of Civil Procedure 26(f) in advance of the Case Management Conference scheduled in the above-captioned case for June 11, 2020.

**1.    JURISDICTION AND SERVICE**

This Court has subject matter jurisdiction over this class action pursuant to 28 U.S.C. § 1332 because certain Plaintiffs, putative class members, and Defendants are citizens of different states and the amount in controversy exceeds $5,000,000, exclusive of interest and costs.

Defendants have been served or have waived service of the complaints in each of the pending cases.

**2.    FACTS**

Robinhood is an online brokerage firm that offers customers the ability to place securities trades through the firm's website and by using a web-based application.  Robinhood's trading platform experienced an outage on March 2-3 and March 9, 2020 (the "Outages").  Plaintiffs allege that Robinhood's customers were prevented from making any trades or accessing their accounts during the Outages.  Plaintiffs bring this class action on behalf of Robinhood customers who were allegedly denied access to their Robinhood accounts and who allegedly suffered losses or were harmed as a result of the Outages.

---

[1] The parties drafted this Joint Case Management Statement on the assumption that the pending Motion for Consolidation and for Appointment of Interim Lead Class Counsel will be granted.  If that motion is denied, the parties will file appropriate case management statements in the individual actions.

The parties expressly reserve all of their rights and defenses, and, by entering into this Joint Case Management Statement, in no way intend to waive any rights and defenses they may wish to exercise or assert in these actions or any related actions.

**3.     LEGAL ISSUES**

At this stage, the primary legal issues in this action include the following:

    a.    Whether Plaintiffs have adequately pleaded their claims, which currently include, among other things, negligence, breach of fiduciary duty, and breach of Robinhood's customer agreement, as well as claims under California's Unfair Competition Law, Bus. & Prof Code Section 17200, *et seq.*, and the Consumer Legal Remedies Act, Civ. Code Section 1750, *et seq.*;

    b.    Whether the Court has subject matter jurisdiction;

    c.    Whether Defendants have valid defenses; and

    d.    Whether class certification is appropriate.

**4.     MOTIONS**

**Prior Motions:**  On March 17, 2020, Plaintiff Beckman filed a Motion to Relate *Adame* v. *Robinhood Financial, LLC et al.*, Case No. 5:20-cv-01769-NC, and *Riggs v. Robinhood Financial, LLC et al.*, Case No. 3:20-cv-01800-SK.  Dkt. 18.  On March 20, 2020, Plaintiff Adame filed a Motion to Relate his case with the *Beckman* case.  Dkt. 23. On March 20, 2020, Plaintiff Prendergast (Case No. 5:20-cv-01877-BLF) filed a Motion to Relate with the *Beckman* case.  Dkt. 24.  On March 31, 2020, this Court granted the Motions, relating the *Beckman, Riggs*, *Adame*, and *Prendergast* cases.  *See* Dkt. 18, 23, 24, 32.

On April 8, 2020, Plaintiff Beckman filed a Motion to Relate *Johann v. Financial, LLC et al.*, Case No. 5:20-cv-01909-NC; *Metzler v. Robinhood Financial, LLC et al.*, Case No. 3:20-cv-02286-SK; *Steinberg v. Robinhood Financial, LLC et al.*, Case No. 3:20-cv-02343-SK; and *Xia v. Robinhood Financial, LLC et al.*, Case No. 3:20-cv-02352-KA.  Dkt. 34.  On May 1, 2020 this Court granted the motion to relate the *Beckman*, *Metzler*, *Steinberg* and *Xia* cases.  Dkt. 41.  On April 28, 2020, Plaintiff Gwaltney (Case No. 3:30-cv-02665-DMR) filed a Motion to Relate Case (Dkt. 40), which was granted by the Court on May 18, 2020.  Dkt. 45.

**Pending Motions:**

On April 17, Plaintiffs Beckman and Steinberg filed a Motion for Consolidation and for Appointment of Interim Lead Class Counsel.  Dkt. 38.  On May 1, 2020, Defendants filed a Statement

of Non-Opposition (Dkt. 42) and on May 5, 2020, Plaintiffs Beckman and Steinberg filed a Reply to the Motion.  Dkt. 43.

On May 29, 2020, Plaintiffs Beckman and Steinberg filed a Motion to Relate *Ferris v. Robinhood Securities, LLC et al.*, Case No. 5:20-cv-02594-SVK; *Taaffe v. Robinhood Markets, Inc. et al.*, Case No. 3:20-cv-02669-VC; *Freedland et al v. Robinhood Markets, Inc. et al.*, Case No. 4:20-cv-03218-DMR; and *Withouski v. Robinhood Financial LLP et al.*, Case No. 4:20-cv-03550-DMR. Dkt. 47.

**Anticipated Motions:**

Defendants currently anticipate filing a motion to dismiss, but reserve all rights until they have had an opportunity to review the consolidated complaint.  Upon review, Defendants may determine that additional motions are warranted.

Plaintiffs anticipate filing a motion for class certification.

Plaintiff in the *Withouski v. Robinhood Financial LLP et al.*, Case No. 4:20-cv-03550-DMR, intends to file a motion to remand.

**5.     AMENDMENT OF PLEADINGS**

If the Court grants Plaintiffs' Motion for Consolidation and for Appointment of Interim Lead Class Counsel, Plaintiffs will file a consolidated complaint on the schedule set forth in item 17 below. Plaintiffs contend that further amendments may be warranted after the Court's ruling on Robinhood's motion to dismiss.

**6.     EVIDENCE PRESERVATION**

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information and have met and conferred pursuant to Rule 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues in these actions.

**7.     DISCLOSURES**

The parties conferred pursuant to Rule 26(f) on May 21, 2020.  The parties intend to serve their initial disclosures within 14 days of the filing of the consolidated complaint.

**8.     DISCOVERY**

**Discovery taken to date:**  none.

**Scope of anticipated discovery:**

Plaintiffs anticipate significant document and deposition practice.  The targeted areas of document discovery may include, but are not be limited to, information on Robinhood's e-trading platform and the causes of the Outages; Robinhood's compliance with regulatory requirements; Robinhood's internal communications about the Outages; account and trading data necessary to determine issues related to damages and the propriety of class certification; Robinhood's communications with its customers; and other information relating to the propriety of class certification. Plaintiffs anticipate deposition discovery will involve Robinhood's corporate representatives with knowledge about its e-trading platform's infrastructure, the Outages, internal compliance efforts, and post-outage remediation efforts, including relevant non-parties who may have information about such topics.

Defendants do not believe that discovery should be as broad as Plaintiffs anticipate and reserve all rights.

The parties also anticipate significant expert discovery on issues such as compliance, technical issues, and damages.

**Proposed limitations or modifications of the discovery rules:**

Plaintiffs anticipate needing more than 10 depositions.  Defendants do not currently believe that more than 10 depositions per side will be necessary, but reserve all rights depending on the number of named plaintiffs in the consolidated complaint.

**Report on whether the parties have considered entering into a stipulated e-discovery order:**

The parties anticipate stipulating to a protocol governing ESI discovery in this matter.

**9.     CLASS ACTIONS**

Plaintiffs anticipate filing a motion for class certification.  The parties have reviewed the Procedural Guidance for Class Action Settlements.

**10.     RELATED CASES**

This Court has ordered the following cases related:

| Plaintiff Name | Case No. | Filing Date |
|---|---|---|
| *Beckman* | 3:20-cv-01626-JD | March 5, 2020 |
| *Adame* | 3:20-cv-01769-JD | March 12, 2020 |
| *Riggs* | 3:20-cv-01800-JD | March 13, 2020 |
| *Prendergast* | 3:20-cv-01877-JD | March 17, 2020 |
| *Johann, Kuri* | 3:20-cv-01909-JD | March 18, 2020 |
| *Metzler* | 3:20-cv-02286-JD | April 3, 2020 |
| *Steinberg* | 3:20-cv-02343-JD | April 7, 2020 (Removed from San Mateo County) |
| *Xia* | 3:20-cv-02352-JD | April 8, 2020 |
| *Gwaltney* | 3:20-cv-02665-JD | April 16, 2020 |

A Motion to Relate the following cases per Local Rule 3-12 is currently pending before the Court:

| Plaintiff Name | Case No. | Filing Date |
|---|---|---|
| *Ferris* | 5:20-cv-02594-SVK | April 14, 2020 |
| *Taaffe, Ward* | 3:20-cv-02669-JSC | March 4, 2020 (Transferred from M.D. Fla.) |
| *Freedland, Kostenko, Toro* | 4:20-cv-03218-DMR | May 11, 2020 |
| *Withouski* | 3:20-cv-03550-DMR | April 20, 2020 (Removed from San Mateo County) |

The following case was filed on June 4, 2020 in the Eastern District of Louisiana:  *Koeppel v. Robinhood Markets, Inc. et al.*, No. 2:20-cv-01623.

## 11.    RELIEF

The relief sought by the Plaintiffs and putative class, includes but is not limited to:

a.      Monetary damages to be determined at trial;

b.      Declaratory relief;

c.   Injunctive relief;

d.   Plaintiffs' costs in connection with these actions, including attorneys' fees, consultant and expert fees, and other expenses; and

e.   Any other relief that the Court deems just and proper.

**12.   SETTLEMENT AND ADR**

Pursuant to ADR Local Rule 3-5 and Civil Local Rule 16-8, on May 21, 2020, the parties met and conferred regarding the available dispute resolution options.  The parties have chosen private mediation.

Plaintiffs believe that settlement discussions would be productive, and that discovery will inform the parties' evaluation and negotiations.

**13.   CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

The parties have declined to proceed before a Magistrate Judge.

**14.   OTHER REFERENCES**

The parties agree that these cases are not suitable for reference to binding arbitration or a special master.

**15.   NARROWING OF ISSUES**

The parties have not identified any issues that may be narrowed at this time.

**16.   EXPEDITED TRIAL PROCEDURE**

The parties agree that the case is not appropriate for an expedited trial procedure.

**17.   SCHEDULING**

Based on a proposed trial date of December 6, 2021, the parties propose the following deadlines, pending the parties being cooperative in discovery:

|  | **Plaintiffs' Proposal** | **Defendants' Proposal** |
|---|---|---|
| Consolidated Complaint | 21 days following the order granting consolidation motion | 7 days following the order granting consolidation motion |
| Initial Disclosures | 14 days following the filing of the Consolidated Complaint | |

|  | **Plaintiffs' Proposal** | **Defendants' Proposal** |
|---|---|---|
| Motion to Dismiss due[2] | 21 days following the filing of the Consolidated Complaint ||
| Opposition | 21 days following Motion to Dismiss ||
| Reply | 14 days following Opposition ||
| Class Certification Motion due | Dec. 18, 2020 | Sept. 11, 2020 |
| Opposition | Jan. 15, 2021 | Oct. 9, 2020 |
| Reply | Jan. 29, 2021 | Oct. 23, 2020 |
| Fact Discovery | | |
| Last date for service of requests for production | Dec. 30, 2020 | Sept. 30, 2020 |
| Rolling document production to begin | Aug. 30, 2020 ||
| Last date for production of documents | No deadline | Dec. 18, 2020 |
| Depositions begin | No deadline | Feb. 1, 2021 |
| Fact Discovery Cutoff | Apr. 30, 2021 ||
| Expert Disclosures | May 28, 2021 ||
| Rebuttal Expert Disclosures | June 25, 2021 ||
| Expert Discovery Cut Off | July 16, 2021 ||
| Last Day to File Dispositive and *Daubert* Motions | Aug. 13, 2021 ||
| Opposition | Sept. 10, 2021 ||

[2] The proposed motion to dismiss schedule outlined here has been agreed to by the parties; this schedule should supersede the proposed schedule outlined in Plaintiffs' Motion for Consolidation and for Appointment of Interim Lead Class Counsel. Dkt. 38.

|                          | Plaintiffs' Proposal | Defendants' Proposal |
|--------------------------|----------------------|----------------------|
| Reply                    | Oct. 1, 2021                                |
| Final Pretrial Conference| Nov. 9, 2021                                |
| Jury Trial[3]            | Dec. 6, 2021                                |

## 18.   TRIAL

Plaintiffs have requested a jury trial.  Plaintiffs believe that the trial will last approximately 15 court days.

## 19.   DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

Defendants filed Certifications of Interested Entities or Persons pursuant to Civil Local Rule 3-15 on March 31, 2020.  Dkt. 33.

## 20.   PROFESSIONAL CONDUCT

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

## 21.   OTHER

The parties have no other issues to raise at this time.

Respectfully submitted,

Dated:  June 4, 2020

**KAPLAN FOX & KILSHEIMER LLP**

By:  _/s/ Laurence D. King_
Laurence D. King
Attorneys for Plaintiffs

Dated:  June 4, 2020

**COTCHETT, PITRE & MCCARTHY LLP**

By:  _/s/ Mark C. Molumphy_
Mark C. Molumphy
Attorneys for Plaintiffs

---

[3]  The parties understand that the scheduling may need to be revisited as court closures and COVID-19 issues progress and to accommodate the December 2021 holidays.

Dated: June 4, 2020

**FARELLA BRAUN + MARTEL LLP**

By: _/s/ C. Brandon Wisoff_
      C. Brandon Wisoff
Attorneys for Defendants

JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND RULE 26(f) REPORT
Case No. 3:20-cv-01626-JD

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)**

I, Laurence D. King, attest that concurrence in the filing of this document has been obtained from the other signatories.  I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 4th day of June 2020, at Pleasanton, California.


/s/ *Laurence D. King*
Laurence D. King