UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE ROBINHOOD OUTAGE LIGITATION | Master File No. 20-cv-01626-JD<br><br>**ORDER RE CONSOLIDATION AND INTERIM CLASS COUNSEL** |

Plaintiffs have moved to consolidate the related cases before the Court, and for appointment of interim class counsel. Dkt. Nos. 38, 43. Defendant Robinhood does not oppose either request. Dkt. No. 42. Consolidation is ordered. Appointment of interim counsel is denied without prejudice to a further submission consistent with this order.

**CONSOLIDATION OF RELATED CASES**

1. This order applies to these cases:
   a. 3:20-cv-01626-JD
   b. 3:20-cv-01769-JD
   c. 3:20-cv-01800-JD
   d. 3:20-cv-01877-JD
   e. 3:20-cv-01909-JD
   f. 3:20-cv-02286-JD
   g. 3:20-cv-02343-JD
   h. 3:20-cv-02352-JD
   i. 3:20-cv-02594-JD
   j. 3:20-cv-02665-JD

1      k.  3:20-cv-02669-JD

2      l.  3:20-cv-03218-JD

3      m.  3:20-cv-03550-JD

2. Pursuant to Fed. R. Civ. P. 42(a), the Court consolidates these cases into Civil Action No. 20-1626 for all pretrial proceedings before this Court. All filings and submissions from here on will be captioned: "*In re Robinhood Outage Litigation*" under the 3:20-cv-01626-JD case number.

3. If a related action is subsequently filed in or transferred to this District, it will be consolidated into this action for all pretrial purposes. This order will apply to every new related action, without further order of the Court. A party that objects to consolidation, or to any other provision of this order, may file an application for relief within 14 days after the notice of related case is filed as discussed in Paragraph 8.

4. This order is entered without prejudice to the rights of any party to apply for severance of any claim or action, for good cause shown.

5. Pretrial consolidation does not mean that the actions will necessarily be consolidated for trial. That issue will be decided later in the case. It also does not have the effect of making any entity a party in any action in which he, she, or it has not been named, served, or added in accordance with the Federal Rules of Civil Procedure.

**MASTER DOCKET**

6. The docket in Civil Action No. 16-1626 will constitute the master docket, and the file in that action will be the master file for every action in the consolidated action.

7. When a pleading applies to some, but not all, of the member actions, the document must list the docket number for each individual action to which the document applies immediately under the master caption. Any document not identified in that way will be presumed to apply to all member cases.

8. The parties must file a notice of related case pursuant to Civil Local Rule 3-12 whenever a case that should be consolidated into this action is filed in, or transferred to, this District. If the Court determines that the case is related, the Clerk of the Court is requested to:

1    a. file a copy of this order in the separate file for such action;

2    b. serve on plaintiff's counsel in the new case a copy of this order;

3    c. direct that this order be served upon defendants in the new case; and

4    d. make the appropriate entry in the master docket sheet (No. 3:20-cv-01626-JD).

9. If there are any disputes about whether a new action should be related to this consolidated action, they must promptly be brought to the Court's attention or any objection may be deemed waived.

## INTERIM CLASS COUNSEL

10. Pursuant to Fed. R. Civ. P. 23(g)(3), Kaplan Fox & Kilsheimer LLP and Cotchett Pitre & McCarthy LLP have requested appointment as interim co-lead counsel to represent the putative class of plaintiffs. They propose a number of committee and liaison counsel to assist in the litigation. Robinhood takes no position on these requests.

11. The Court has no doubt that Kaplan Fox and Cotchett Pitre, and the individual lawyers identified to be lead counsel, would provide highly professional and sophisticated representation to plaintiffs. The firms and the individual attorneys have an impressive history of successful engagements as class counsel in this District. *See, e.g.,* Dkt. No. 38 at 8-11. Even so, the Court is not prepared to appoint them at this time. The Court is concerned about a lack of diversity in the proposed lead counsel. For example, all four of the proposed lead counsel are men, which is also true for the proposed seven lawyers for the "executive committee" and liaison counsel. *Id*. at 8, 11-12. In addition, the proposed counsel appear to be lawyers and law firms that have enjoyed a number of leadership appointments in other cases. While this experience is likely to benefit the putative class, it highlights the "repeat player" problem in class counsel appointments that has burdened class action litigation and MDL proceedings. Counsel with significant prior appointments are by no means disqualified from consideration here, but leadership roles should be made available to newer and less experienced lawyers, and the attorneys running this litigation should reflect the diversity of the proposed national class. Consequently, the Court denies the interim counsel request. Plaintiffs may renew the request in a manner that addresses the Court's concerns.

12. As further guidance for a renewed motion, the Court's goal is that any party seeking fees at the end of this litigation will be able to present to the Court clear and definitive records that were prepared as the fees and costs were incurred. A prolonged forensic accounting exercise or mini-trial on fees and costs is to be avoided. To that end, a renewed motion should incorporate these practices:

   a. At the close of each calendar month, interim co-lead counsel will make sure that all time has been entered by all timekeepers in final form. By 14 days after each month's end, interim co-lead counsel will ensure that a bill for the prior month is finalized, reflecting lead counsel's review of the billing records and any write-downs or write-offs by interim co-lead counsel for inefficiencies, duplication of effort, misjudgments in staffing, and the like. These final bills for each month will be segregated and kept by lead counsel, and may not be altered. Only these records, prepared contemporaneously with the expenditures, may be used for a fees and costs motion.

   b. Time will be recorded in one-tenths of an hour.

   c. Block-billing time records are not permitted. Time must instead be recorded by task. For example, an attorney may not record "7.8 hours" for "work on motion to dismiss opposition." Instead, the attorney must break out the 7.8 hours specifying the amount of time spent for each specific task performed, e.g., "review and analyze motion to dismiss brief (1.3); team meeting regarding arguments for opposition (.8); legal research re X argument (3.3); draft X section of opposition brief (2.4)."

   d. Interim co-lead counsel are free to make staffing decisions as they deem appropriate, but the Court will not permit fees to be recovered for multiple attorneys performing duplicative work. For example, barring an unusual circumstance, only one lawyer should attend a deposition when defending it, and no more than two lawyers should attend when taking a deposition. The Court will not permit the recovery of fees for every attorney from every firm to

4

review each discovery request and response, motion, letter, e-mail, etc. in the case. While each attorney should stay informed about the litigation, only the attorneys designated by interim lead counsel to review or summarize pleadings, orders and communications are working for the common benefit of the putative class, and only their time will be considered for possible payment at the conclusion of this case.

e. Air travel of less than six hours should be in coach class. Travel exceeding six hours of flight time may be booked in business class. In all cases, flights should be booked at the lowest available fare.

f. When overnight travel is necessary, counsel should be mindful in selecting reasonable hotel accommodations and restaurants. Per diem expenses for travel days should not exceed $125 per person exclusive of lodging and transportation.

g. Failure to adhere to these guidelines -- or the spirit animating them -- will result in the exclusion of consideration for the relevant fee or cost request.

## BRIEFING SCHEDULE

13. The Court has no objection to the schedule proposed by the parties, Dkt. No. 38 at 14, but defers issuing a scheduling order until the interim counsel issue is resolved.

**IT IS SO ORDERED.**

Dated: July 14, 2020

_____
JAMES DONATO
United States District Judge