**KAPLAN FOX & KILSHEIMER LLP**
Matthew B. George (SBN 239322)
Maia C. Kats (*pro hac vice* to be filed)
Laurence D. King (SBN 206423)
Mario M. Choi (SBN 243409)
1999 Harrison Street, Suite 1560
Oakland, CA 94612
Telephone: 415-772-4700
Facsimile: 415-772-4707
*mgeorge@kaplanfox.com*
*mkats@kaplanfox.com*
*lking@kaplanfox.com*
*mchoi@kaplanfox.com*

**COTCHETT, PITRE & MCCARTHY, LLP**
Anne Marie Murphy (SBN 202540)
Mark C. Molumphy (SBN 168009)
Leslie Hakala (SBN 199414)
Noorjahan Rahman (SBN 330572)
Tyson C. Redenbarger (SBN 294424)
Julia Q. Peng (SBN 318396)
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577
*amurphy@cpmlegal.com*
*mmolumphy@cpmlegal.com*
*lhakala@cpmlegal.com*
*nrahman@cpmlegal.com*
*tredenbarger@cpmlegal.com*
*jpeng@cpmlegal.com*

*Counsel for Plaintiffs Beckman, Steinberg and Proposed*
*Co-Lead Counsel for the Putative Class*

[Additional Counsel Appear on Signature Page]

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re: Robinhood Outage Litigation | Master File No. 3:20-cv-01626-JD<br>CLASS ACTION<br><br>**NOTICE OF MOTION AND RENEWED MOTION FOR APPOINTMENT OF INTERIM LEAD CLASS COUNSEL**<br><br>Date: August 20, 2020<br>Time: 10:00 a.m.<br>Judge:  Hon. James Donato<br>Ctrm: 11, 19th Floor |

**TABLE OF CONTENTS**

Page

NOTICE OF MOTION AND MOTION ............................................................................ v

STATEMENT OF ISSUES TO BE DECIDED ............................................................. vii

MEMORANDUM OF POINTS AND AUTHORITIES ................................................... 1

I.      INTRODUCTION ................................................................................................. 1

II.     RELEVANT FACTUAL AND PROCEDURAL BACKGROUND ...................... 2

      A.     Robinhood and the Early March Outages ............................................... 2

      B.     The Robinhood Outage Actions Are Consolidated ................................. 3

      C.     Proposed Interim Co-Lead Counsel Have Performed Substantial Work To Date ........................................................................................................ 4

III.    ARGUMENT ........................................................................................................ 4

      A.     The Court Should Appoint Interim Co-Lead Counsel and Establish A Plaintiffs' Executive Committee ............................................................. 4

           1.     The Court Should Appoint Kaplan Fox and Cotchett Pitre as Interim Co-Lead Counsel ...................................................... 4

           2.     The Court Should Grant Co-Lead Counsel Case Management Responsibilities ............................................................................ 9

      B.     The Court Should Appoint Liaison Counsel and Establish An Executive Committee To Further Advance The Prosecution Of This Litigation ................. 10

IV.    CONCLUSION .................................................................................................. 14

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Ardon v. City of Los Angeles*
  L.A. Cnty. Super. Ct. No. BC363959 .......................................................................12

*In re Apple Device Performance Litigation*
  No. 5:18-md-02827-EJD (N.D. Cal.).........................................................................9

*In re: Apple Inc. Device Performance Litigation*
  Case No. 18-md-02827-EJD ...............................................................................8, 9

*In re: Arizona Theranos Incorporated Litigation*
  No. 2:16-cv-02138-HRH, ECF No. 372 (D. Az. Mar. 5, 2020) ................................8

*Beckett, et al., v. Aenta, Inc.*
  *No. 2:17-cv-03864-JS* (E.D. Pa.) ............................................................................8

*Bokelman v. FCH Enterprises*
  No. 18-00209 .........................................................................................................12

*Doe One, et al., v. CVS Health Corporation, et al.*
  No. 2:18-cv-00238-EAS-CMV (S.D. Ohio) ...............................................................8

*In re Equifax, Inc. Customer Data Security Breach Litigation*
  MDL 2800 (Financial Institutions Track) (N.D. Ga.)................................................12

*First Choice Federal Credit Union v. The Wendy's Company*
  2:16-cv-0506 (W.D. Pa.).........................................................................................12

*First Choice Federal Credit Union v. The Wendy's Company*
  No. 16-cv-00506 (W.D. Pa.) ...................................................................................12

*Flores v. Velocity Exp., Inc.*
  No. 12-cv-05790-JST, 2013 WL 2468362 (N.D. Cal. June 7, 2013) ........................5

*In re: The Home Depot, Inc. Customer Data Security Breach Litigation*
  MDL 2583 (Financial Institutions Track) (N.D. Ga.)................................................12

*McKenzie Law Firm, P.A. v. Ruby Receptionists, Inc.,*
  No. 3:18-cv-01921-SI (D. Or.)..................................................................................9

*Withouski v. Robinhood Financial, LLC, et al.*
  No. 4:20-cv-03550-JD...........................................................................................1, 14

*In re Yahoo Mail Litigation*
  No. 5:13-cv-04980-LHK (N.D. Cal.)..........................................................................9

*In re: Zoom Video Communications, Inc. Privacy Litigation*
    No. 20-CV-20155-LHK (N.D. Cal.) .................................................................................12

**RULES**

Federal Rules of Civil Procedure:
    Rule 23(g) ................................................................................................................. viii, 5
    Rule 23(g)(1)..............................................................................................................5
    Rule 23(g)(1)(A) ........................................................................................................5
    Rule 23(g)(3) ...................................................................................................... vi, 4
    Rule Rules 42(a)(2) .................................................................................................. vi
    Local Rule 5-1, I ......................................................................................................19

**TREATISES**

David F. Herr, Ann. Manual Complex Lit.
    § 10.221 (4th ed.) (May 2019) ..................................................................................5

RENEWED MOTION & MPA FOR APPOINTMENT OF INTERIM LEAD CLASS COUNSEL

**NOTICE OF MOTION AND MOTION**

PLEASE TAKE NOTICE that on August 20, 2020, at 10:00 a.m. in Courtroom 11, 19th Floor of the United States District Court for the Northern District of California, San Francisco Division, located at 450 Golden Gate Avenue, California 94102, Plaintiffs Daniel Beckman, Jason Steinberg, Alexander Adame, Michael Riggs, Colin Prendergast, Eric Johann, Leila Kuri, Bryan Metzler, Mengia Xia, Zak Ferris, Joseph Gwaltney, Jaren Freedland, David Kostenko, Romeo Toro, Travis Taaffe and Jared Ward ("Plaintiffs"), will move the Court for appointment of interim co-lead class counsel in this consolidated proceeding.

Pursuant to Rules 42(a)(2) and 23(g)(3) of the Federal Rules of Civil Procedure, Plaintiffs move for the appointment of Anne Marie Murphy of Cotchett Pitre & McCarthy, LLP ("Cotchett Pitre") and Matthew B. George of Kaplan Fox & Kilsheimer LLP ("Kaplan Fox"), to serve as interim co-lead class counsel on behalf of the proposed class of Robinhood customers in the United States asserting claims arising from Robinhood's alleged failure to implement and maintain adequate infrastructure necessary to effectuate electronic trading of securities, leading to widespread outages beginning on March 2 and 3, 2020, during which customers were unable to access their accounts and place trades.

Plaintiffs also request that the Court appoint liaison counsel and establish an executive committee to facilitate the best, efficient, and most effective representation of the proposed class, composed of the following individuals:

| ATTORNEY | FIRM AND LOCATION |
| --- | --- |
| Courtney M. Werning | Meyer Wilson<br>Columbus, Ohio |
| Leslie Pescia | Beasley Allen<br>Montgomery, Alabama |
| Susana Cruz Hodge | Lite DePalma & Greenberg<br>Newark, New Jersey |
| Rachele Byrd | Wolf Haldenstein<br>San Diego, California |
| Jamisen Etzel | Carlson Lynch |

|  | Pittsburgh, Pennsylvania |
|---|---|
| Erin Comite | Scott + Scott<br>Colchester, Connecticut |
| Brandon Taaffe | Shumaker Loop & Kendrick<br>Sarasota, Florida |
| Tina Wolfson | Ahdoot & Wolfson<br>Los Angeles, California |
| Steve A. Lopez<br>(Proposed Liaison<br>Counsel) | Gibbs Law Group<br>Oakland, California |

Plaintiffs' renewed motion is based on this notice, the memorandum of points and authorities that follows, the accompanying Joint Declaration of Anne Marie Murphy and Matthew B. George, the proposed order, and such other matters as the Court may consider.

Plaintiffs' renewed motion is filed in consideration of the Court's July 14, 2020 Order to address the Court's thoughtful concerns that the Plaintiffs' appointed counsel shall reflect the diversity of the class, the bar, and feature newer and less experienced lawyers who have relevant experience but have not been appointed to manage proceedings such as this. While Plaintiffs would still like to work within the same structure they previously proposed, they have proposed Anne Marie Murphy and Matthew B. George to serve as co-lead counsel, each of whom have relevant experience as well as diverse backgrounds and have worked on promoting diversity initiatives within the bar. Ms. Murphy and Mr. George also propose being supported by a liaison counsel and an executive committee comprised of attorneys who also will bring relevant litigation and diverse experiences to the table to best represent the class. Importantly, while these attorneys have had success working on large scale class actions and multi-district litigation, they have not been designated as the lead attorneys in prior matters and welcome the Court's invitation to bring some new attorneys into the fold.

RENEWED MOTION & MPA FOR APPOINTMENT OF INTERIM LEAD CLASS COUNSEL

**STATEMENT OF ISSUES TO BE DECIDED**

    1.    Should the Court appoint interim co-lead class counsel to manage the consolidated Robinhood Actions pursuant to Federal Rule of Civil Procedure 23(g), and appoint an executive committee to support interim co-lead class counsel?

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Plaintiffs in the underlying actions currently pending in this consolidated proceeding[1] respectfully request that the Court appoint Anne Marie Murphy of Cotchett Pitre and Matthew B. George of Kaplan Fox as interim co-lead class counsel ("Co-Lead Counsel"), appoint liaison counsel, and establish a Plaintiffs' executive committee ("Executive Committee") to litigate this matter against Robinhood.[2]

As detailed below, Ms. Murphy and Mr. George each have substantial experience in large scale consumer and investor class actions and come from diverse backgrounds that are underrepresented in lead counsel appointments in coordinated proceedings such as this.  Ms. Murphy is also actively involved in promoting diversity in the bar.  While this would be one of her first opportunities to serve as lead or co-lead counsel, Ms. Murphy has worked on many complex class actions in federal and state courts, litigating against the largest corporations in America.  Mr. George has been in practice for 15 years and is a strong advocate of the LGBTQI+ community, of which he is a member, both in and out of court.  He recently represented classes largely comprised of gay men whose HIV status was exposed by pharmacy benefit managers and has been an active member of bar associations where he has volunteered as a mentor to young, diverse attorneys.

Moreover, their firms, Kaplan Fox and Cotchett Pitre, strongly support diversity and their attorneys and supporting staff have decades of experience representing consumers and investors in complex class actions and coordinated proceedings in the Northern District and nationwide, and have achieved subject matter expertise in consumer protection, securities regulation, and technology, and have many notable results that demonstrate they will capably and efficiently manage the litigation on behalf of the Class.  Although this may not have been clear from their prior Motion, Kaplan Fox and Cotchett Pitre will also feature young and diverse attorneys on their primary litigation teams as set forth below.

---

[1] This includes each of the cases filed in, transferred to, or removed to this Court except *Withouski v. Robinhood Financial, LLC, et al.*, No. 4:20-cv-03550-JD, that is currently seeking remand to state court.

[2] "Robinhood" collectively refers to the current Defendants in the Robinhood Actions, including Robinhood Financial, LLC, Robinhood Securities, LLC, and Robinhood Markets, Inc.

Plaintiffs also respectfully request that the Court appoint liaison counsel and approve the proposed Executive Committee, which also now has a more diverse and representative composition.   The attorneys Plaintiffs propose to serve on the Executive Committee possess substantial experience in securities, consumer fraud, and technology-based complex class action litigation, and present a cross section of experiences and perspectives that will benefit the diverse class that they represent.  When deployed efficiently (and according to the Court's time and expense reporting mandates), the proposed Liaison Counsel and Executive Committee members will contribute valuable expertise and resources to the prosecution of this case.

## II.    RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

### A.    Robinhood and the Early March Outages

Robinhood is an online brokerage firm founded in 2013 that touts itself as "a pioneer in commission-free investing."[3]  Robinhood's customers place securities trades through the firm's website or by using a web-based application (or "app") on customers' phones. Robinhood permits customers, when its trading platform is operational, to purchase and sell certain securities, including option contracts.  The company reported in December 2019 to have 10 million users, yet it has no storefront offices and operates entirely online.[4]

Unfortunately for Robinhood's customers, including Plaintiffs, Robinhood's trading systems completely crashed on Monday, March 2, 2020, and experienced a total outage of its operating systems through the morning of Tuesday, March 3, 2020, and there are reports of subsequent outages the following week of shorter duration (the "Outages").  As a result of the Outages, Robinhood's customers were unable to buy or sell securities or to exercise option contracts (including those that were expiring).  Customers were also unable during this time to obtain information or meaningful support from Robinhood customer service specific to their individual investment needs.  Robinhood has acknowledged the Outages, which it attributes to stress on its systems, but "[s]oftware mishaps have rocked Robinhood before," including in

---

[3]   Given that the Court is familiar with the general premise of the case and the proceedings to date, Plaintiffs will provide an abbreviated background statement.

[4]   *See*  https://www.cnbc.com/2019/12/04/start-up-robinhood-tops-10-million-accounts-even-as-industry-follows-in-free-trading-footsteps.html, (last visited April 6, 2020).

2018, for example, when its options trading service had an outage that locked consumers out of their accounts and stopped them from closing positions[.]"[5]

Plaintiffs generally allege that in offering brokerage trading services, Robinhood assumed a duty to ensure that its systems, online or otherwise, were sufficiently equipped to reliably deliver timely trading services under foreseeable customer demands and market conditions, including via its contracts with Class members and regulatory conditions promulgated by the Financial Industry Regulatory Authority ("FINRA"), which governs broker-dealers like Robinhood. Due solely to its own negligence, Robinhood breached obligations owed to Plaintiffs and Class members and caused them substantial losses, which were compounded by the magnitude of the Outages, its timing on one of the largest upward point shifts in the markets, the absence of alternative means for customers to protect their investments, and lack of communication and customer support.[6] Accordingly, Plaintiffs have brought the Robinhood Actions to obtain damages, restitution, and injunctive relief.

### B.    The Robinhood Outage Actions Are Consolidated

On March 5, 2020, on behalf of Plaintiff Daniel Beckman, Kaplan Fox and co-counsel filed the first putative class action in the Northern District of California against Robinhood, which was promptly served and assigned to Judge Donato. Joint Declaration of Anne Marie Murphy and Matthew B. George, ¶ 2 ("Joint Decl."). On March 6, Cotchett Pitre filed the related *Steinberg* Action, No. 3:20-cv-02286-SK, in San Mateo County Court, which was subsequently removed to the Northern District. Over a dozen additional cases now been filed in or removed to the Northern District of California by 17 different law firms. The Parties appeared for an initial case management conference and hearing on Plaintiffs' prior motion for consolidation and appointment of interim lead counsel on June 11, 2020. The Court subsequently consolidated the matters, but denied the motion for leave counsel without prejudice, ECF No. 59.

---

[5]  Bloomberg, *Robinhood Maxed Out a Credit Line Last Month as Markets Fell*, https://www.bloomberg.com/news/articles/2020-03-10/robinhood-maxed-out-credit-line-last-month-amid-market-tumult (last visited March 17, 2020).

[6] Many of the Plaintiffs and other Class members are also "Gold" subscribers to Robinhood's trading platforms, which purportedly provided them access to benefits in exchange for monthly fees that they allege they did not receive.

**C.    Proposed Interim Co-Lead Counsel Have Performed Substantial Work To Date**

Since the filing of the Robinhood Actions, proposed Co-Lead Counsel have taken a number of steps to ensure the efficient coordination of the proceedings. Proposed Co-Lead Counsel have reached out to (or were contacted by) counsel in all of the Robinhood Actions which facilitated (1) the stipulated transfer of the *Taaffe* Action from the Middle District of Florida; (2) support for consolidation in the Northern District of California without the need for multi-district litigation proceedings; and (3) the negotiation of a leadership structure necessary to efficiently and sufficiently prosecute the Robinhood Actions.  Joint Decl., ¶ 5.   Proposed Co-Lead Counsel also drafted and filed three administrative motions to relate the later-filed actions, filed a notice of pendency of other actions, and have initiated coordinated outreach to Robinhood's counsel to forge a path forward for consolidation, subsequent pleadings, scheduling and motion practice.  *Id.* Proposed Co-Lead Counsel have also begun work with proposed Executive Committee firms on research pertinent to the forthcoming consolidated complaint, have begun the vetting and selection of class representatives, and shared research and information gained to date. *Id.*   Proposed Co-Lead Counsel have also requested a meet and confer with Robinhood about its Goodwill program to make sure Class members receive fair communications and notice of the pending actions, and have had initial discussions on reaching a stipulated resolution to the issue to ensure that Class members' claims are not waived or released, and drafted a proposed stipulation to that effect.  *Id.*

## III.    ARGUMENT

**A.    The Court Should Appoint Interim Co-Lead Counsel and Establish A Plaintiffs' Executive Committee**

**1.    The Court Should Appoint Kaplan Fox and Cotchett Pitre as Interim Co-Lead Counsel**

Federal Rule of Civil Procedure 23(g)(3) authorizes the Court to "designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3). Interim class counsel's role is identical to the role of class counsel in a certified class action: to "fairly and adequately represent the interests of the class." *Id.* The designation of interim counsel "clarifies responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any

necessary discovery, moving for class certification, and negotiating settlement."  David F. Herr, Ann. Manual Complex Lit. § 10.221 (4th ed.) (May 2019) ("*Manual*").

The criteria the court should consider in appointing Interim Co-Lead Counsel include:

i.    the work counsel has done in identifying or investigating potential claims in the action;

ii.   counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;

iii.  counsel's knowledge of the applicable law; and

iv.   the resources that counsel will commit to representing the class.

Fed. R. Civ. P. 23(g)(1); *see also Flores v. Velocity Exp., Inc.*, No. 12-cv-05790-JST, 2013 WL 2468362, at *10 (N.D. Cal. June 7, 2013) (analyzing factors above and stating that "Rule 23(g)(1)(A), which applies to the appointment of class counsel, is also instructive in evaluating interim class counsel.").  Additionally, this Court has appropriately emphasized that appointments "should reflect the diversity of the proposed national class" and that "leadership roles should be made available to newer and less experienced lawyers."  ECF No. 59 at 3.

The Robinhood Actions lie at the intersection of consumer protection, securities, and Silicon Valley startup technology-related litigation—areas of which the proposed Co-Lead Counsel have significant expertise and notable results in class actions and coordinated proceedings.  Given their work on this matter to date and their collective experience on other matters outlined below, Kaplan Fox and Cotchett Pitre easily meet the Rule 23(g) criteria, and their revised leadership slate reflects diversity and opportunities for younger lawyers who have not been appointed lead counsel in other MDLs.

**Cotchett Pitre.**  Cotchett Pitre also has substantial experience representing investors and consumers in class actions, and the firm has litigated consumer fraud, unfair competition, and securities violations based on California law for decades.  Joint Decl., ¶ 8.  Cotchett Pitre is recognized as one of the nation's preeminent class action firms, regularly appearing on the National Law Journal's "Plaintiff's Hot List."  The firm has also earned a national reputation for the breadth of its practices and the results achieved for its clients, securing billions of dollars through trial and settlements.

Cotchett Pitre's team in this matter will be led by **Anne Marie Murphy**, a partner based in the firm's Burlingame office.  Joint Decl., ¶ 10.  Ms. Murphy received her undergraduate degree from Vassar College and her law degree from Georgetown University Law Center in 1999.  After graduating, her practice initially focused on commercial litigation and regulatory actions related to mergers and acquisitions of regulated utilities.  After joining Cotchett Pitre, Ms. Murphy became one of the nation's leading attorneys in financial elder abuse, handling many notable cases, including jury trials against nursing homes and those who have taken financial advantage of seniors.  Ms. Murphy's jury trial experience also includes business disputes, real estate disputes and probate and trust matters.  Ms. Murphy has also litigated several consumer class actions which have returned millions of dollars to consumers across the country, arguing before the Ninth Circuit and the Joint Panel on Multidistrict Litigation.  Ms. Murphy is also a leader in bar organizations and a strong advocate for increasing gender diversity in the law, including through her membership with California Women Lawyers.  At Consumer Attorneys of California, Ms. Murphy was a long time board member, Chair of its Women's Caucus, and a repeated recipient of the CAOC Presidential Award of Merit.  Ms. Murphy was also appointed as a Commissioner on the California Commission on Access to Justice, working with judges, lawyers and civic and business leaders to find long-term solutions to the chronic lack of legal assistance available to low-income and vulnerable Californians.  Ms. Murphy is actively involved in community organizations, including service on the Advisory Board of Seven Tepees Youth Program, a non-profit providing mentoring, academic support and college and career counseling to youth in San Francisco, and the Board of California Advocates for Nursing Home Reform, one of the largest and most respected non-profits in the country devoted to the protection of senior citizens, where she eventually became President of its Board.

Ms. Murphy will be assisted by a team of other attorneys at Cotchett Pitre, each with different professional and personal backgrounds.  Joint Decl., ¶ 10.  **Mark Molumphy**, a partner, a life-long resident of the Bay Area, has over 27 years of experience litigating class actions and other complex actions.  **Leslie Hakala** is a Senior Associate in CPM's Santa Monica office, practicing in complex commercial litigation, privacy, securities and consumer fraud cases, drawing upon her unique background.  Ms. Hakala, who graduated *magna cum laude* from Harvard College, and received

her J.D. from Yale Law School, clerked on the U.S. Court of Appeals for the Ninth Circuit and then for Justice Sandra Day O'Connor at the U.S. Supreme Court.  Ms. Hakala then spent 13 years as Senior Counsel in the Enforcement Division of the U.S. Securities & Exchange Commission, investigating and litigating a wide range of cases involving fraud and other violations of the federal securities laws.  ***Noorjahan Rahman***, an associate in her fourth year of practice, is a Bangladeshi American who grew up in an immigrant community in Columbus, Ohio.  After college, Ms. Rahman served as Rotary Ambassadorial Scholar at the American University of Beirut in Lebanon, and was a Teach for America corps member teaching third graders in an underserved Northeastern neighborhood of Washington, D.C.  A graduate of Georgetown Law, Rahman has represented and now litigates against corporations and other large financial institutions.  *Id.*  ***Tyson Redenbarger***, an associate in his seventh year of practice, began his legal career representing Bay Area tenants in landlord disputes relating to wrongful evictions and uninhabitable living conditions.   Mr. Redenbarger has handled eight trials, including two class actions in which he obtained significant victories for vulnerable tenants impacted by a condominium conversion of affordable apartment buildings.   At Cotchett Pitre, Mr. Redenbarger specializes in complex litigation, including consumer and privacy class actions.  *Id.*  ***Julia Peng*** is a third-year associate at CPM, specializing in complex litigation.  Peng, who immigrated from China in 1997, and graduated from UCLA Law in 2017, was part of the trial team that won a $49.3 million verdict for Viasat in *Viasat, Inc. v. Acacia Communications, Inc.*  Peng is fluent in Chinese and an active member of the women's committee in the Asian American Bar Association.  *Id.*

**Kaplan Fox.**   Founded in 1954, Kaplan Fox is one of the most established plaintiffs' litigation practices in the country, and the firm's early commitment to high-stakes litigation continues to define the firm to the present day. Joint Decl., ¶ 12. The National Law Journal has named Kaplan Fox on its list of the nation's top 10 "hot" litigation boutiques, a list that included both plaintiff and defense firms.  More than half of the firm's partners have been rated "Super Lawyers."  Today, Kaplan Fox has 25 lawyers in four litigation practice areas (antitrust, securities, consumer protection and cybersecurity/data privacy) and a private client services group led by the former general counsel of Sotheby's.  *Id.*

Kaplan Fox's team in this matter will be led by **Matthew B. George**, who is based in the Bay Area at the firm's Oakland office. Joint Decl., ¶ 13. Mr. George has been representing consumers, employees, and investors in complex class actions and multi-district litigation in the Northern District for nearly 15 years. He played a key role in the recently settled *In re: Apple Inc. Device Performance Litigation*, Case No. 18-md-02827-EJD, and assisted co-lead counsel in the recently certified *In re: Arizona Theranos Incorporated Litigation*, No. 2:16-cv-02138-HRH, ECF No. 372 (D. Az. Mar. 5, 2020); Joint Decl., ¶ 13. While he has worked closely with leadership teams in many MDL cases, he has never been appointed as a lead counsel in one. *Id*. Mr. George is also a member of the LGBTQI+ community, and has advanced initiatives for underrepresented communities both in and out of court. He recently represented classes comprised mostly of low-income HIV+ gay men against CVS/Caremark and Aetna, that recovered over $20 million on claims the companies wrongfully exposed their HIV status. *Doe One, et al., v. CVS Health Corporation, et al*., No. 2:18-cv-00238-EAS-CMV (S.D. Ohio); *Beckett, et al., v. Aenta, Inc., No. 2:17-cv-03864-JS* (E.D. Pa.). Mr. George has been a longstanding member of BALIF, the Bay Area's (and nation's oldest) LGBTQI+ bar association, where he has volunteered in BALIF's formal mentorship program and worked closely with law students and young attorneys. Joint Decl., ¶ 13. He has also been a member of the Consumer Attorneys of California's ("CAOC") Diversity Committee, where he co-sponsored and helped organize a well-attended diversity bar association mixer in October 2016. He was selected as a Northern California Super Lawyer in 2016, the first year he was eligible, and each year since. *Id*.

Kaplan Fox's team will also be supported by three other attorneys. **Maia C. Kats** practices in the area of consumer class action litigation. Joint Decl., ¶ 14. Prior to joining Kaplan Fox, Ms. Kats was Litigation Director for the Center for Science in the Public Interest. She is a frequent speaker on consumer class action practice and served as lead and/or co-counsel in many landmark class actions including against, *inter alia*, Coca-Cola, PepsiCo, General Mills, Campbell's, CVS, GNC, Jamba Juice, Amtrak, and NASA. *Id*. **Laurence D. King** is currently appointed by Judge Edward Davila in the Northern District of California as co-lead counsel to manage the massive MDL concerning claims Apple deceived consumers by throttling processor speeds of Apple devices

- 8 -

like iPhones and iPads in *In re: Apple Inc. Device Performance Litigation*, Case No. 18-md-02827-EJD.  Joint Decl., ¶ 14.  In his order appointing Kaplan Fox, Judge Davila noted that plaintiffs' leadership "demonstrated an ability to cooperate with a range of different interests that span across law firms, practice groups, geography, and gender and introduce[d] smaller firms into the litigation experience." *Id.*, ECF No. 99 (May 15, 2018).  As part of that litigation, Mr. King successfully obtained a settlement of up to $500 million in case refunds that obtained preliminary approval.  *Id.*, ECF No. 415.  Mr. King has also been appointed by Courts in this District and Circuit, and nationwide, to oversee class actions spanning securities fraud, consumer protection, and Silicon Valley technology.  Joint Decl., ¶ 14.  **Mario M. Choi** is an attorney in Kaplan Fox's Bay Area office and has played a central role on a number of the firm's consumer and other matters, including *In re Apple Device Performance Litigation*, No. 5:18-md-02827-EJD (N.D. Cal.), *In re Yahoo Mail Litigation*, No. 5:13-cv-04980-LHK (N.D. Cal.), and *McKenzie Law Firm, P.A. v. Ruby Receptionists, Inc.*, No. 3:18-cv-01921-SI (D. Or.).  Joint Decl., ¶ 14.  A second-generation Asian American, Mr. Choi is also an active member of the legal community, serves as a Judge Pro Tem for the San Francisco Superior Court, is a member of the Asian American Bar Association – Bay Area, has served on the BALIF Board in a variety of roles, and is a member of the leadership team of the Federal Bar Association's LGBT Committee. For his work in the community, Mr. Choi was elected a Fellow of the American Bar Foundation.  *Id*.

### 2. The Court Should Grant Co-Lead Counsel Case Management Responsibilities

Plaintiffs' proposed Co-Lead Counsel requests authority and responsibility over Plaintiffs' participation in the following matters: (1) the initiation, response, scheduling, briefing, and argument related to all pleadings or motions; (2) the scope, order, and conduct of all discovery proceedings; (3) retaining common experts; (4) designating the appearance of Plaintiffs' counsel at hearings and conferences; (5) leading common settlement negotiations and entering into prospective agreements with Robinhood; (6) receiving and distributing among Plaintiffs' counsel, as appropriate, notice of all Court orders and notices of pretrial conferences and acting as the primary contact between the Court and Plaintiffs' counsel; (7) establishing and maintaining a

depository for orders, pleadings, hearing transcripts, and all documents served upon Plaintiffs' counsel; (8) establishing and maintaining a current Master Service List of counsel of record; and (9) all other matters concerning the efficient and economical conduct of the consolidated action.

In addition to the above, Plaintiffs' proposed Co-Lead Counsel is mindful of the Court's concerns over duplication of effort and will implement all of the timekeeping and expense protocols from the Court's July 14, 2020 Order, and will be vigilant in their responsibility to coordinate among other Plaintiffs' Counsel to ensure the efficient and economical prosecution of this matter. In furtherance of those responsibilities, Plaintiffs' proposed Co-Lead Counsel requests authority and responsibility over the following matters as they relate to Plaintiffs and Plaintiffs' counsel: (1) assigning work to other Plaintiffs' counsel, as may be appropriate and in the Class's best interest; (2) implementing time and expense record keeping policies; (3) collecting time and expense reports from all Plaintiffs' counsel on a monthly basis; (4) acting as the treasurer for any litigation fund assessments and expenses; and (5) otherwise ensuring that Plaintiffs' counsel not perform common benefit work, bill for unnecessary read and review time, or attend hearings or depositions or other events without Co-Lead Counsel's authorization.  Plaintiffs' proposed Co-Lead Counsel believes such authority would enable them to fulfill the most important role of Co-Lead Counsel – "achieving efficiency and economy without jeopardizing fairness to the parties." *Manual*, § 10.221.  Moreover, both Mathew George of Kaplan Fox and Anne Marie Murphy of Cotchett Pitre frequently work on cases that involve the management and coordination of many law firms and lawyers, and both are personally experienced in those collaborative tasks.

**B.     The Court Should Appoint Liaison Counsel and Establish An Executive Committee To Further Advance The Prosecution Of This Litigation**

In addition to appointing Co-Lead Counsel, and consistent with the Court's directions concerning the importance of diversity in representation, Plaintiffs also respectfully request that the Court appoint Liaison Counsel and establish an Executive Committee comprised of the following attorneys with pending cases:

| ATTORNEY | FIRM AND LOCATION |
|---|---|
| Courtney M. Werning | Meyer Wilson Columbus, Ohio |
| Leslie Pescia | Beasley Allen Montgomery, Alabama |
| Susana Cruz Hodge | Lite DePalma & Greenberg Newark, New Jersey |
| Rachele Byrd | Wolf Haldenstein San Diego, California |
| Jamisen Etzel | Carlson Lynch Pittsburgh, Pennsylvania |
| Erin Comite | Scott + Scott Colchester, Connecticut |
| Brandon Taaffe | Shumaker Loop & Kendrick Sarasota, Florida |
| Tina Wolfson | Ahdoot & Wolfson Los Angeles, California |
| Steve A. Lopez (Proposed Liaison Counsel) | Gibbs Law Group Oakland, California |

Plaintiffs' revised slate of proposed Liaison Counsel and proposed Executive Committee members bring a diverse set of professional and personal experiences to bear and would welcome the Court's invitation to serve as designated attorneys to prosecute the case on behalf of the nationwide class.  Moreover, the revised committee members represent a cross-section of the United States geographically and include both experienced and newer attorneys seeking to gain experience in notable litigation such as this.

- **_Courtney M. Werning_** is an associate with Columbus, Ohio-based Meyer Wilson Co., LPA, with eight years of experience.  Ms. Werning devotes her practice to the representation of investors and has tried arbitration cases to verdict before the Financial Industry Regulatory Authority (FINRA), the National Futures Association (NFA), and the American Arbitration Association (AAA), and in 2014 she won a unanimous jury verdict for an elderly investor for violations of state blue sky laws.  She is also a member of several local bar associations, including a women's lawyer group.

- **_Susana Cruz Hodge_** is a member of Lite DePalma Greenberg, LLC, a firm with a long-standing tradition of recruitment, retention, and advancement of women and minority attorneys (women and/or minority attorneys represent 50% of the partners of the

firm). While Ms. Hodge focuses her practice on consumer class actions, she has participated in several pro bono matters, including appeals for minority and socioeconomically disadvantaged groups in the New Jersey Appellate Division's Pro Bono Civil Pilot Program. Ms. Hodge is a graduate of Boston College (2001) and Boston College Law School (2005). Prior to attending law school, Ms. Hodge taught Portuguese, English, and math to young students in Rio de Janeiro, Brazil, as part of Projeto Unicom Rocinha, a Brazilian non-profit organization.

- ***Rachele R. Byrd*** is a managing partner of Wolf Haldenstein's San Diego office. Ms. Byrd has over 18 years of experience litigating class and representative actions such as consumer, corporate derivative, securities, antitrust, and employment litigation. Ms. Byrd has played and is currently playing a significant role in litigating consumer class actions, including in *In re: Zoom Video Communications, Inc. Privacy Litigation*, No. 20-CV-20155-LHK (N.D. Cal.) (recently appointed to the Plaintiffs' Steering Committee), *Bokelman v. FCH Enterprises*, No. 18-00209 RJB-RLP (D. Haw.) (settled data breach class action), and *Ardon v. City of Los Angeles*, L.A. Cnty. Super. Ct. No. BC363959 (telephone tax refund action challenging the City of Los Angeles' telephone users' tax on behalf of the City's taxpayers; settled for $92.5 million after a successful appeal to the California Supreme Court).

- ***Jamisen Etzel*** is one of the "rising stars" at Carlson Lynch, where he has individually served as lead or co-lead counsel in six resolved cases, recovering over $10 million in class and collective action settlements in his nine years of practice. Mr. Etzel has already gained significant and well-rounded experience representing plaintiffs in class and complex litigation, practicing primarily in consumer protection, data breach/privacy, and wage and hour cases. He has contributed in a supportive capacity behind other partners in his firm in leading major class litigation, such as: *First Choice Federal Credit Union v. The Wendy's Company*, 2:16-cv-0506 (W.D. Pa.); *In re Equifax, Inc. Customer Data Security Breach Litigation*, MDL 2800 (Financial Institutions Track) (N.D. Ga.); and *In re: The Home Depot, Inc. Customer Data Security Breach Litigation*, MDL 2583 (Financial Institutions Track) (N.D. Ga.), and has significant trial and appellate experience.

- ***Erin Green Comite*** is a partner in Scott+Scott's Connecticut office, has been litigating high profile securities, corporate governance, and consumer class actions since she joined the firm in 2002. Ms. Comite's experience in data breach litigation cases specifically is significant. For example, Ms. Comite was the court-appointed co-lead counsel in *First Choice Federal Credit Union v. The Wendy's Company*, No. 16-cv-00506 (W.D. Pa.), where a settlement common fund of $50 million received final approval in 2019. At the final approval hearing, Magistrate Judge Maureen Kelly complimented Ms. Comite and her co-counsel: "[I]t's apparent to the Court that there was substantial and significant high-level work performed by counsel for the plaintiffs" and "as involved as this case was, if every case I had was as well-organized and professionally presented as this case has been, my life would be much easier." *Wendy's*, Nov. 6, 2019 Tr. at 27-28, 32. Ms. Comite also has played an integral role in prosecuting numerous other data breach class actions on behalf of financial institutions, against Home Depot, Target, and Equifax.

1

2

3

4

5

- **Brandon Taaffe** is a fifth year associate at Shumaker, Loop & Kendrick, LLP where he has represented individuals and financial institutions in arbitrations around the nation and was significantly involved in a financial industry class action early in his career.  As a 30-year old millennial, Mr. Taaffe represents a key demographic of Robinhood's target consumer and has personally communicated with hundreds of potential class members who have contacted his firm.  To date, he has worked intensively on analyzing class members' claims and damages, and vetting class representatives to also identify and represent this potential class's diversity in his efforts to select class plaintiffs.

6

7

8

9

10

11

12

- **Leslie Pescia** is a partner of Beasley Allen in Birmingham, Alabama.   After finishing law school *magna cum laude* in 2013, she has gained significant experience significant experience handling mass torts and consumer fraud class actions.  Ms. Pescia has been selected as a Super Lawyers' Rising Star in 2018 and 2019, and as one of National Advocates' "Top 40 under 40."    Leslie is a member of the Alabama State Bar Diversity Committee; Alabama State Bar Women's Section; the Alabama Association for Justice, where she is part of the Emerging Leaders; and the Montgomery Volunteer Lawyers Program.  Most recently, Leslie became an Ex-officio Trustee of the Pound Civil Justice Institute, a national legal "think tank" dedicated to ensuring access to justice for ordinary citizens.

13

14

15

16

- **Tina Wolfson** is a founding member of Ahdoot & Wolfson, PC ("AW"), a nationally recognized law firm based in Los Angeles that specializes in complex and class action litigation, with a focus on consumer fraud, privacy rights, anti-competitive business practices, employee rights, defective products, civil rights, and taxpayer rights. Since its founding in 1998, AW has successfully vindicated the rights of millions of class members in protracted, complex litigation, conferring hundreds of millions of dollars to the victims, and affecting real change in corporate behavior.

17

18

19

20

21

22

23

24

25

- **Steve Lopez** is an associate with the Gibbs Law Group in his sixth year of practice.  He has dedicated his practice to representing consumers, investors, and employees who have been harmed by corporate misconduct.  Mr. Lopez helps oversee the claims of over five thousand individuals and businesses affected by the 2017 and 2018 wildfires in California who are claimants in In re PG&E Corp. (Bankr. N.D. Cal.)  Recently, he also oversaw consumer litigation against Popsugar.com, where he helped secure a settlement resulting in a recovery of thousands per participating class member.  Mr. Lopez is a member of the Board of Directors of the Consumer Attorneys of California and was selected from a statewide pool of applicants for the 2015 Diversity Leadership Academy, a training program aimed to educate the next generation of leaders. Mr. Lopez also co-chairs Gibbs Law Group's diversity and inclusion task force.  While at Berkeley Law, Mr. Lopez was also a member of the La Raza Law Students Association and the Legal Aid Society-Employment Law Center's Workers' Rights Clinic.

26

27

28

Additionally, the firms of the Executive Committee Members have achieved substantial recoveries in some of the largest and highest profile litigations throughout the United States.  Joint Decl., ¶ 15; Exs. 3-11 (firm resumes of Liaison Counsel and each member of the proposed

Executive Committee).  Collectively, they will bring a special mix of subject matter expertise, experience, and resources to this matter, which is not only large by the number of cases already filed, but that implicates potentially 10 million Class members and a very large amount of potential damages, with many of the Plaintiffs already claiming five-figure losses each. *Id*., ¶ 16.  Plaintiffs and the Court will benefit significantly if proposed Co-Lead Counsel, mindful of their obligations to maintain efficiencies and prevent duplicative efforts, is allowed to draw upon the individual strengths and collective experience of the proposed Executive Committee members in the prosecution of this case.

Proposed Co-Lead Counsel also expects that document productions, as with most cases of this size and complexity will be substantial and will require a document coding and review protocol to be deployed with assistance from attorneys at their firms.  The litigation in this case is likely to be hard fought and labor intensive, necessitating a few dozen depositions throughout the United States, significant and complex motion practice, class certification proceedings, and potential settlement negotiations and appeals.  Having the support of the proposed Executive Committee with offices throughout the United States will ensure work is done timely by capable and experienced professionals in order to achieve the best results for the Class.  Moreover, having liaison counsel will be important to assist with any coordination with state court matters such as the *Withouski* matter currently seeking remand and potential arbitration proceedings.

## IV.   **CONCLUSION**

For the reasons stated above, Plaintiffs respectfully request that the Court consolidate the related actions, and request that the Court appoint Anne Marie Murphy of Cotchett Pitre and Matthew George of Kaplan Fox as Co-Lead Counsel, appoint Liaison Counsel, and establish an Executive Committee to further promote the prosecution and coordination of this litigation.

Respectfully submitted,

DATED:  July 15, 2020

**KAPLAN FOX & KILSHEIMER LLP**

By:  /s/ *Matthew B.George*
        Matthew B. George

DATED:  July 15, 2020

**COTCHETT, PITRE & MCCARTHY, LLP**

By:  /s/ *Anne Marie. Murphy*
        Anne Marie Murphy

- 14 -

| | |
|---|---|
| 1 | Matthew B. George (SBN 239322) |
| 2 | Maia C. Kats (*pro hac vice* to be filed)<br>Laurence D. King (SBN 206423) |
| 3 | Mario M. Choi (SBN 243409)<br>1999 Harrison Street, Suite 1560 |
| 4 | Oakland, CA 94612<br>Telephone: 415-772-4700 |
| 5 | Facsimile: 415-772-4707<br>mgeorge@kaplanfox.com |
| 6 | mkats@kaplanfox.com<br>lking@kaplanfox.com |
| 7 | mchoi@kaplanfox.com |

1. Matthew B. George (SBN 239322)
2. Maia C. Kats (*pro hac vice* to be filed)
3. Laurence D. King (SBN 206423)
4. Mario M. Choi (SBN 243409)
5. 1999 Harrison Street, Suite 1560
6. Oakland, CA 94612
7. Telephone: 415-772-4700
8. Facsimile: 415-772-4707

mgeorge@kaplanfox.com
mkats@kaplanfox.com
lking@kaplanfox.com
mchoi@kaplanfox.com

*Attorneys for Plaintiff Beckman and Proposed Co-Lead Counsel*

**MEYER WILSON CO., LPA**
David P. Meyer (admitted *pro hac vice*)
Matthew R. Wilson (SBN 290473)
Chad Kohler (admitted *pro hac vice*)
Michael J. Boyle, Jr. (SBN 258560)
Courtney M. Werning (to be admitted *pro hac vice*)
1320 Dublin Road, Suite 100
Columbus, Ohio 43215
Telephone: (614) 224-6000
Facsimile: (614) 224-6066
dmeyer@meyerwilson.com
mwilson@meyerwilson.com
ckohler@meyerwilson.com
mboyle@meyerwilson.com

*Attorneys for Plaintiff Beckman and Proposed Executive Committee Member*

**EREZ LAW**
Jeffrey Erez (admitted *pro hac vice*)
SunTrust International Center
1 SE 3rd Ave., Suite 1670
Miami FL 33131
Telephone: (305) 728-3320
Facsimile: (786) 842-7549

*Attorney for Plaintiff Beckman*

DATED:  July 15, 2020

**LITE DePALMA GREENBERG, LLC**

By:  /s/ Susana Cruz Hodge
　　　　Susana Cruz Hodge

Susana Cruz Hodge (to be admitted *pro hac vice*)

Anne Marie Murphy (SBN 202540)
Mark C. Molumphy (SBN 168009)
Leslie Hakala (SBN 199414)
Noorjahan Rahman (SBN 330572)
Tyson C. Redenbarger (SBN 294424)
Julia Q. Peng (SBN 318396)
San Francisco Airport Office Center
840 Malcom Road, Suite 200
Burlingame, CA  94010
Telephone:  650-697-6000
Facsimile:  650-697-0577
amurphy@cpmlegal.com
mmolumphy@cpmlegal.com
lhakala@cpmlegal.com
nrahman@cpmlegal.com
tredenbarger@cpmlegal.com
jpeng@cpmlegal.com

*Attorneys for Plaintiff Steinberg and Proposed Co-Lead Counsel*

DATED:  July 15, 2020

**GIBBS LAW GROUP LLP**

By:  /s/ Steve Lopez
　　　　Steve Lopez

Eric H. Gibbs (SBN 178658)
Andre Mura (SBN 298541)
Steve Lopez (SBN 300540)
GIBBS LAW GROUP LLP
505 14th Street, Suite 1110
Oakland, California 94612
Telephone: (510) 350-9700
Facsimile: (510) 350-9701
ehg@classlawgroup.com
amm@classlawgroup.com
sal@classlawgroup.com

*Attorneys for Plaintiff Metzler and Proposed Liaison Counsel*

**SILVER LAW GROUP**
Scott Silver (*pro hac vice* to be submitted)
11780 W. Sample Road
Coral Springs, FL 33065
Telephone: (954) 755-4799
Facsimile: (954) 755-4684
ssilver@silverlaw.com

*Attorney for Plaintiff Metzler*

Joseph J. DePalma (admitted *pro hac vice*)
Steven J. Greenfogel (admitted *pro hac vice*)
Jeremy Nash (admitted *pro hac vice*)
570 Broad Street, Suite 1201
Newark, NJ 07102
Tel: (973) 623-3000
Fax: (973) 623-0858
*scruzhodge@litedepalma.com*
*jdepalma@litedepalma.com*
*sgreenfogel@litedepalma.com*
*jnash@litedepalma.com*

*Attorneys for Plaintiffs Adame and
Prendergast and Proposed Executive
Committee Member*

**THE RESTIS LAW FIRM, P.C.**
William R. Restis, Esq. (SBN 246823)
402 W. Broadway, Suite 1520
San Diego, California 92101
Telephone: 619.270.8383
*william@restislaw.com*

*Attorney for Plaintiffs Adame and
Prendergast*


DATED:  July 15, 2020

**CARLSON LYNCH**

By:   /s/ *Jamisen A. Etzel*
        Jamisen A. Etzel

Gary F. Lynch (admitted *pro hac vice*)
Jamisen A. Etzel (admitted *pro hac vice*)
1133 Penn Ave., 5th Floor
Pittsburgh, PA 15222
Telephone 412-322-9243
Facsimile 412-231-0246
*glynch@carlsonlynch.com*
*jetzel@carlsonlynch.com*

*Attorneys for Plaintiffs Johann and Kuri
and Proposed Executive Committee
Member*

**CARLSON LYNCH**
Todd D. Carpenter (CA Bar No. 234464)
(Eddie) Jae K. Kim (CA Bar No. 236805)
1350 Columbia St., Ste. 603
San Diego, CA 92101
Telephone: 619-762-1900
Facsimile: 619-756-6991
*tcarpenter@carlsonlynch.com*

DATED:  July 15, 2020

**WOLF HALDENSTEIN ADLER FREEMAN
& HERZ LLP**

By:   /s/ *Rachele Byrd*
        Rachele R. Byrd

Rachele R. Byrd
Brittany N. DeJong
750 B Street, Suite 1820
San Diego, CA 92101
Telephone: 619/239-4599
Facsimile: 619/234-4599
*byrd@whafh.com*
*dejong@whafh.com*

**WOLF HALDENSTEIN ADLER FREEMAN
& HERZ LLP**

Matthew M. Guiney (to be admitted *pro hac
vice*)
Kevin G. Cooper (to be admitted *pro hac vice*)
270 Madison Avenue
New York, NY 10016
Telephone: 212/545-4600
Facsimile: 212/686-0114
*guiney@whafh.com*
*kcooper@whafh.com*

*Attorneys for Plaintiff Riggs and Proposed
Executive Committee Member*


DATED:  July 15, 2020

**SHUMAKER, LOOP & KENDRICK, LLP**

By:   /s/ *Brandon Taaffe*
        Brandon Taaffe

Brandon Taaffe (to be admitted *pro hac vice*)
Michael S. Taaffe (admitted *pro hac vice*)
Michael D. Bressan (to be admitted *pro hac vice*)
Jarrod J. Malone (to be admitted *pro hac vice*)
240 South Pineapple Ave., 10th Floor
Sarasota, Florida 34236
Telephone: (941) 366-6660
Facsimile: (941) 366-3999
*mtaaffe@shumaker.com*
*mbressan@shumaker.com*
*jmalone@shumaker.com*

*Attorneys for Plaintiffs Taaffe, Ward, and
Proposed Executive Committee Member*

*ekim@carlsonlynch.com*

*Attorneys for Plaintiffs Johann and Kuri*

DATED:  July 15, 2020

**SCOTT+SCOTT ATTORNEYS AT LAW LLP**

By:   /s/ *Erin Green Comite*
          Erin Green Comite

Erin Green Comite (admitted *pro hac vice*)
156 South Main Street
P.O. Box 192
Colchester, CT 06415
Telephone 860-537-5537
Facsimile: 860-537-4432
*ecomite@scott-scott.com*

**SCOTT+SCOTT ATTORNEYS AT LAW LLP**

Joseph P. Guglielmo (admitted *pro hac vice*)
The Helmsley Building
230 Park Ave., 17th Floor
New York, NY 10169
Telephone: 212-223-6444
Facsimile: 212-223-6334
*jguglielmo@scott-scott.com*

*Attorneys for Plaintiffs Johann and Kuri and Proposed Executive Committee Member*

DATED:  July 15, 2020

**AHDOOT & WOLFSON, PC**

By:   /s/ *Tina Wolfson*
          Tina Wolfson

Tina Wolfson (SBN 174806)
Theodore Maya (SBN 223242)
10728 Lindbrook Drive
Los Angeles, CA 90024
Telephone: (310) 474-9111
Facsimile: (310) 474-8585
*twolfson@ahdootwolfson.com*
*tmaya@ahdootwolfson.com*

*Attorneys for Plaintiffs Freedland, Kostenko, and Toro and Proposed*

DATED:  July 15, 2020

**MAURIELLO LAW FIRM, APC**

By:   /s/ *Thomas D. Mauriello*
          Thomas D. Mauriello

Thomas D. Mauriello (SBN 144811)
1230 Columbia Street, Suite 1140
San Diego, CA 92101
Telephone: (619) 940-1606
Facsimile: (949) 606-9690
*tomm@maurlaw.com*

**GRABAR LAW OFFICE**
Joshua H. Grabar (to be admitted pro *hac vice*)
1735 Market Street, Suite 3750
Philadelphia, PA 19103
Telephone: 267-507-6085
Facsimile: 267-507-6048
*jgrabar@grabarlaw.com*

**RIGRODSKY & LONG, P.A.**
Seth D. Rigrodsky (to be admitted *pro hac vice*)
Timothy J. MacFall (to be admitted *pro hac vice*)
825 East Gate Boulevard, Suite 300
Garden City, NY 11530
Telephone: (516) 683-3516
*sdr@rl-legal.com*
*tjm@rl-legal.com*

**THE GUILIANO LAW GROUP, P.C.**
Nicholas J. Guiliano (to be admitted *pro hac vice*)
1700 Market Street, Suite 1005
Philadelphia, PA 19103
Telephone: (215) 413-8223
Facsimile: (215) 660-5490
*nick@nicholasguiliano.com*

*Attorneys for Plaintiff Mengia Xia*

DATED:  July 15, 2020

**ROSMAN & GERMAIN LLP**

By:   /s/ *Daniel L. Germain*
          Daniel L. Germain

Daniel L. Germain (SBN 143334)
16311 Ventura Blvd., Suite 1200
Encino, CA 91436-2152
Telephone: (818) 788-0877

- 17 -

1

*Executive Committee Member*

Facsimile: (818) 788-0885
*Germain@Lalawyer.com*

2

DATED:  July 15, 2020

**THE WEISER LAW FIRM, P.C.**

3

**BEASLEY ALLEN CROW METHVIN**

James M. Ficaro (*pro hac vice* to be requested)
22 Cassatt Avenue
Berwyn, PA 19312

4

By:   /s/ *Leslie L. Pescia*

Telephone: (610) 225-2677
Facsimile: (610) 408-8062

5

Leslie L. Pescia

*jmf@weiserlawfirm.com*

6

W. Daniel Miles, III
James Eubank

*Attorneys for Plaintiff Ferris*

7

Leslie L. Pescia
218 Commerce Street

8

Montgomery, AL 36104
Telephone: (800) 898-2034

9

Facsimile: (334) 965-7555
*dee.miles@beasleyallen.com*

10

*james.eubank@beasleyallen.com*
*leslie.pescia@beasleyallen.com*

11

*Attorneys for Plaintiff Gwaltney and*
*Proposed Executive Committee Member*

12

13

**ANDRUS ANDERSON, LLP**
Jennie Lee Anderson (SBN 203586)

14

155 Montgomery Street, Suite 900
San Francisco, CA 94104

15

Telephone: (415) 986-1400
Facsimile: (415) 986-1474

16

*Attorney for Plaintiff Gwaltney*

17

18

19

20

21

22

23

24

25

26

27

28

RENEWED MOTION & MPA FOR APPOINTMENT OF INTERIM LEAD CLASS COUNSEL

1

2

**ATTORNEY ATTESTATION**

3

Pursuant to Civil Local Rule 5-1, I, Anne Marie Murphy, hereby attests that counsel for

4

all parties listed above consented to the filing of this document in Case No. 3:20-cv-01626-JD

5

(N.D. Cal.).

6

DATED:  July 15, 2020                              COTCHETT, PITRE & McCARTHY LLP

7

By:  _____/s/ Anne Marie Murphy_____

8

ANNE MARIE MURPHY

9

*Attorneys for Plaintiff Steinberg and Proposed Co-Lead Counsel*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28