UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE ROBINHOOD OUTAGE LITIGATION | Master File No. 20-cv-01626-JD<br><br>**ORDER RE INTERIM CLASS COUNSEL AND BRIEFING SCHEDULE** |

In this consolidated action, the Court denied without prejudice plaintiffs' proposed appointments for interim lead class counsel, liaison counsel, and an "executive committee" over concerns about a lack of diversity and "repeat player" issues. Dkt. No. 59 at 3. Plaintiffs promptly filed an amended proposal that significantly broadened in multiple ways the diversity of the attorneys designated for the interim roles. Dkt. No. 62. The revised composition meets the concerns the Court raised, and so the Court makes the following appointments pursuant to Rule 23(g)(3) of the Federal Rules of Civil Procedure.

**INTERIM LEAD CLASS COUNSEL**

1. Anne Marie Murphy of Cotchett, Pitre & McCarthy, LLP, and Matthew B. George of Kaplan Fox & Kilsheimer LLP are appointed as interim lead class counsel in the consolidated action on behalf of the putative class of Robinhood customers in the United States alleging contract, tort, and consumer protection claims arising out of the March 2020 outage. Interim lead counsel and their firms meet the requirements for appointment of class counsel in Fed. R. Civ. P. 23(g)(1) in that they have performed substantial work on behalf of the putative class, have facilitated the consolidation of the various Robinhood actions in this Court, and have the knowledge and experience necessary to effectively represent the putative class.

**EXECUTIVE COMMITTEE AND LIAISON COUNSEL**

2. Plaintiffs have proposed an executive committee and liaison counsel (Dkt. No. 62 at 10-11):

| Attorney | Firm and Location |
| --- | --- |
| Courtney M. Werning | Meyer Wilson, Columbus, Ohio |
| Leslie Pescia | Beasley Allen, Montgomery, Alabama |
| Susana Cruz Hodge | Lite DePalma & Greenberg, Newark, New Jersey |
| Rachele Byrd | Wolf Haldenstein, San Diego, California |
| Jamisen Etzel | Carlson Lynch, Pittsburgh, Pennsylvania |
| Erin Comite | Scott + Scott, Colchester, Connecticut |
| Brandon Taaffe | Shumaker Loop & Kendrick, Sarasota, Florida |
| Tina Wolfson | Ahdoot & Wolfson, Los Angeles, California |
| Steve A. Lopez (Liaison Counsel) | Gibbs Law Group, Oakland, California |

3. The Court, like many others, is leery of committees and liaison counsel roles because they can lead to inefficiencies in handling the litigation, and undue complications should the case reach the point of an award of fees and costs. Even so, the Court will defer to the discretion of attorneys Murphy and George in organizing the representation of plaintiffs. Interim lead counsel may delegate the work of prosecuting the consolidated complaint to members of the executive committee or liaison counsel in a manner consistent with the fair and efficient administration of the case. As interim lead counsel, attorneys Murphy and George will be held accountable for the overall conduct of the litigation.

**AUTHORITY AND RESPONSIBILITIES**

4. Interim lead counsel have complete authority over, and responsibility for, the representation of plaintiffs. This includes, without limitation: (1) the initiation, response, scheduling, briefing, and argument related to all pleadings or motions; (2) the scope, order, and conduct of all discovery proceedings; (3) retaining common experts; (4) designating the

1  appearance of plaintiffs' counsel at hearings and conferences; (5) leading common settlement
2  negotiations and entering into prospective agreements with Robinhood; (6) receiving and
3  distributing among plaintiffs' counsel, as appropriate, notice of all Court orders and notices of
4  pretrial conferences and acting as the primary contact between the Court and plaintiffs' counsel;
5  (7) establishing and maintaining a depository for orders, pleadings, hearing transcripts, and all
6  documents served upon plaintiffs' counsel; (8) establishing and maintaining a current master
7  service list of counsel of record; (9) establishing procedures for submitting and reviewing periodic
8  time and expense reports of plaintiffs' counsel to determine if the time and expenses are being
9  spent appropriately and for the benefit of the putative class, including providing periodic reports to
10 the Court if requested; and (10) all other pre-trial matters concerning the efficient and economical
11 conduct of the consolidated action.

12   5.   Interim lead counsel also have complete authority over, and responsibility for: (1)
13 assigning work to other plaintiffs' counsel, as may be appropriate and in the putative class's best
14 interest; (2) implementing time and expense record keeping policies; (3) collecting time and
15 expense reports from all plaintiffs' counsel on a monthly basis; (4) acting as the treasurer for any
16 litigation fund assessments and expenses; and (5) otherwise ensuring that plaintiffs' counsel not
17 perform common benefit work, bill for unnecessary read and review time, or attend hearings,
18 depositions, or other events without interim lead counsel's authorization.

19   6.   Robinhood and its counsel may rely on the conduct and representations of interim
20 lead counsel on behalf of the putative class for any issue in the litigation.

**FEES, COSTS, AND EXPENSES**

22   7.   In its prior order, the Court discussed guiding principles on billing practices, fees,
23 costs, and expenses. Dkt. No. 59 at 4-5. These principles are adopted and ordered.

24   8.   Interim lead counsel are expected to be vigilant in ensuring the efficient and
25 economical prosecution of this matter. A request for an award of fees and costs may be based
26 only on records that were prepared as the fees and costs were incurred. A prolonged forensic
27 accounting exercise or a mini-trial on fees and costs are to be avoided. To that end, interim lead
28 counsel will ensure that the following practices are adhered to by all counsel who perform work on

3

behalf of the putative class:

    a) At the close of each calendar month, interim lead counsel will make sure that all time has been entered by all timekeepers in final form. By 14 days after each month's end, interim co-lead counsel will ensure that a bill for the prior month is finalized, reflecting lead counsel's review of the billing records and any write-downs or write-offs by interim co-lead counsel for inefficiencies, duplication of effort, misjudgments in staffing, and the like. These final bills for each month will be segregated and kept by lead counsel, and may not be altered. Only these records, prepared contemporaneously with the expenditures, may be used for a fees and costs motion.

    b) Time will be recorded in one-tenths of an hour.

    c) Block-billing time records are not permitted. Time must instead be recorded by task. For example, an attorney may not record "7.8 hours" for "work on motion to dismiss opposition." Instead, the attorney must break out the 7.8 hours specifying the amount of time spent for each specific task performed, e.g., "review and analyze motion to dismiss brief (1.3); team meeting regarding arguments for opposition (.8); legal research re X argument (3.3); draft X section of opposition brief (2.4)."

    d) Interim lead counsel are free to make staffing decisions as they deem appropriate, but the Court will not permit fees to be recovered for multiple attorneys performing duplicative work. For example, barring an unusual circumstance, only one lawyer should attend a deposition when defending it, and no more than two lawyers should attend when taking a deposition. The Court will not permit the recovery of fees for every attorney from every firm to review each discovery request and response, motion, letter, e-mail, etc. in the case. While each attorney should stay informed about the litigation, only the attorneys designated by interim lead counsel to review or summarize pleadings, orders and communications are working for the common benefit of the putative

class, and only their time will be considered for possible payment at the conclusion of this case.

e) Air travel of less than six hours should be in coach class. Travel exceeding six hours of flight time may be booked in business class. In all cases, flights should be booked at the lowest available fare.

f) When overnight travel is necessary, counsel should be mindful in selecting reasonable hotel accommodations and restaurants. Per diem expenses for travel days should not exceed $125 per person exclusive of lodging and transportation.

g) Failure to adhere to these guidelines -- or the spirit animating them -- will result in the exclusion of the fee or cost request.

**BRIEFING SCHEDULE**

9. At the parties' joint request, Dkt. No. 38 at 14, plaintiffs may file an amended consolidated complaint by August 21, 2020. Robinhood will respond to the consolidated complaint within 45 days. If Robinhood moves to dismiss, plaintiffs will have 45 days to respond. Robinhood may reply to plaintiffs' response within 30 days. Robinhood need not respond to any complaint previously filed or served in the consolidated action.

**IT IS SO ORDERED.**

Dated: July 22, 2020

JAMES DONATO
United States District Judge