C. Brandon Wisoff (State Bar No. 121930)
bwisoff@fbm.com
Eric D. Monek Anderson (State Bar No. 320934)
emonekanderson@fbm.com
Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
Telephone: (415) 954-4400
Facsimile: (415) 954-4480

Maeve L. O'Connor (appearance *pro hac vice*)
Elliot Greenfield (appearance *pro hac vice*)
Debevoise & Plimpton LLP
919 Third Avenue
New York, New York 10022
Telephone: 212.909.6000
Email: mloconnor@debevoise.com
Email: egreenfield@debevoise.com

Attorneys for Defendants
ROBINHOOD MARKETS, INC.;
ROBINHOOD FINANCIAL LLC;
ROBINHOOD SECURITIES, LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE ROBINHOOD OUTAGE LITIGATION | Master File 3:20-cv-01626-JD |
| | **DEFENDANTS' NOTICE OF MOTION AND MOTION TO STAY DISCOVERY** |
| | Date:  November 12, 2020<br>Time:  10:00 a.m.<br>Judge:  Hon. James Donato<br>Ctrm:  11, 19th Floor |

### NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that on November 12, 2020, at 10:00 a.m., or as soon thereafter as this matter may be heard, in Courtroom 11 of the United States Courthouse, 450 Golden Gate Avenue, San Francisco, California, before the Honorable James Donato, United States District Judge, Defendants Robinhood Financial LLC, Robinhood Markets, Inc. and Robinhood Securities, LLC (collectively, "Robinhood" or "Defendants") will and hereby do move to stay discovery pending adjudication of the Motion to Dismiss for Lack of Subject Matter Jurisdiction and Failure to State a Claim and to Strike the Class Allegations (the "Motion to Dismiss and Strike"). Defendants' motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, the Memorandum of Points and Authorities filed in support of the Motion to Dismiss and Strike, the Consolidated Amended Complaint ("CAC") and all other papers filed in this matter, and upon such other matters as may be presented to the Court at the time of hearing or otherwise.

### STATEMENT OF RELIEF SOUGHT

Robinhood seeks an order staying discovery pending the Court's decision on the concurrently filed Motion to Dismiss and Strike.

## MEMORANDUM OF POINTS AND AUTHORITIES

Robinhood submits this memorandum in support of its motion to stay discovery.

## STATEMENT OF ISSUES TO BE DECIDED

Whether the Court should stay discovery pending adjudication of the Motion to Dismiss and Strike where, as here:

   a.  Plaintiffs have failed to plead an injury-in-fact sufficient to confer Article III standing; and

   b.  Plaintiffs' proposed class definitions and class period, which bear on the scope of permitted discovery, are facially overbroad.

## PRELIMINARY STATEMENT

Good cause exists to stay discovery until the Motion to Dismiss and Strike is decided because a "preliminary peek" reveals that the motion is dispositive of the entire case and its resolution does not turn on any discovery.  As explained in that motion, Plaintiffs have not alleged facts demonstrating that they have Article III standing and have proposed facially overbroad classes and class period.  In particular, Plaintiffs allege only that they were unable to "make trades," which does not establish an injury-in-fact as not all trades result in gains.  Despite claiming to have been injured on three days in March 2020, they also attempt to define a multi-year class consisting of "all Robinhood customers within the United States."  (CAC ¶ 176 & n.56.)  Whether Plaintiffs can cure these deficiencies remains to be seen, but any attempt to do so will necessarily result in a case that is significantly narrower than the current pleading.  For example, some or all Plaintiffs may be unable to plead a nonspeculative injury-in-fact, and any revised class definition would have to be far more tailored to their claims than the sweeping definition proposed in the CAC.  In light of these core deficiencies and the needless burden and expense that would result from discovery, the Court should exercise its broad discretion to stay discovery while the Motion to Dismiss and Strike is pending.  It would make no sense to permit discovery when Plaintiffs have yet to demonstrate that they have Article III standing or attempt to propose a class definition or class period that bears any rational relationship to their claims.

## BACKGROUND

Concurrently herewith Robinhood has filed the Motion to Dismiss and Strike, which attacks the sufficiency of the CAC on multiple grounds.  *First*, Plaintiffs failed to plead Article III standing because an alleged inability to "make trades" does not equate to an injury-in-fact and the failure to include any information about the supposed trades renders Plaintiffs' alleged losses speculative.  *Second*, Plaintiffs' class allegations should be stricken because the proposed class – "All Robinhood customers within the United States" – and multi-year class period are overbroad and deficient on their face.  (CAC ¶ 176 & n.56.)  Plaintiffs' proposed class encompasses vast numbers of individuals lacking Article III standing, and the class period is "provisionally" defined by reference to the statute of limitations for each claim when Plaintiffs' claims are limited to outages to Robinhood's trading platform on March 2-3 and 9, 2020.  (CAC ¶¶ 87-175.)  *Third*, all claims against Defendant Robinhood Markets, Inc. should be dismissed because Plaintiffs fail to allege the existence of a contractual or other relationship with Robinhood Markets, Inc. that could possibly support a claim, or any basis to extend liability to it based on its corporate relationship with the other Robinhood entities.  *Fourth*, Plaintiffs do not have standing to seek prospective declaratory or injunctive relief because they have not demonstrated a real and immediate threat of repeated injury.

## ARGUMENT

Courts have "wide discretion in controlling discovery."  *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988).  The Court should exercise that discretion to stay discovery here because the Motion to Dismiss and Strike is (*i*) "potentially dispositive of the entire case" and (*ii*) "can be decided absent discovery."  *In re Nexus 6p Prod. Liab. Litig.*, No. 17-cv-02185, 2017 WL 3581188, at *1 (N.D. Cal. Aug. 18, 2017) (citations omitted).  "In applying this two-factor test, the court must take a 'preliminary peek' at the merits of the pending dispositive motion to assess whether a stay is warranted."  *Id.*

## I.    THE MOTION TO DISMISS IS POTENTIALLY DISPOSITIVE OF THE ENTIRE CASE.

A "preliminary peek" at the merits of the Motion to Dismiss and Strike shows that

Defendants have satisfied the first prong of the test because Plaintiffs' failure to establish Article III standing is dispositive of the entire case: Plaintiffs' case is jurisdictionally barred unless they are able to allege a "concrete and particularized" injury that is not "conjectural or hypothetical." *Munns v. Kerry*, 782 F.3d 402, 409 (9th Cir. 2015) (internal quotation omitted).  Courts in the Ninth Circuit commonly grant motions to stay discovery "when dispositive motions raise issues of *jurisdiction*, venue, or immunity."  *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011) (emphasis added); *see also Comm. for Immigrant Rights of Sonoma Cty. v. Cty. of Sonoma*, No. 08-cv-04220, 2009 WL 10692620, at *2 (N.D. Cal. Apr. 20, 2009) ("Particularly when a threshold subject matter jurisdictional question is raised by a motion to dismiss, a district court should use its discretion to defer discovery of issues unrelated to jurisdiction until it resolves the pending jurisdictional issue first.").

To the extent that any claims may survive the Motion to Dismiss and Strike, the striking of Plaintiffs' class allegations would substantially reduce the scope, burden and expense of discovery.  *See In re Nexus 6p*, 2017 WL 3581188, at *2 (finding that defendant's motion to dismiss "could be potentially dispositive of the express warranty claims, which in turn would limit the scope of discovery").  Robinhood should not be subject to burdensome discovery unless and until Plaintiffs can plead standing and propose a class appropriately tailored to their claims.

## II.   DISCOVERY IS NOT NECESSARY TO THE RESOLUTION OF THE MOTION TO DISMISS AND STRIKE.

Defendants' Motion to Dismiss and Strike also satisfies the second prong of the test – the Court does not require discovery to resolve the motion.  The issues raised in the motion are (*i*) whether Plaintiffs have adequately alleged an injury such that they have established Article III standing, (*ii*) whether Plaintiffs' proposed classes are facially deficient and (*iii*) whether the specific allegations in the CAC, taken as true, are sufficient to state a claim for relief against Robinhood Markets, Inc.  Plaintiffs are already aware of the trades they allegedly attempted to make during the outages to Robinhood's trading platform and the basis of any claim of injury or damages, and discovery is equally unnecessary with respect to the purely legal issues regarding Plaintiffs' failure to state a claim and their facially deficient class allegations.  *See Jarvis v. Regan*,

833 F.2d 149, 155 (9th Cir. 1987) ("Discovery is only appropriate where there are factual issues raised by a Rule 12(b) motion.").  Where, as here, a Rule 12(b) motion raises only legal issues, staying discovery pending the resolution of the motion is appropriate.  *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) ("The purpose of Fed. R. Civ. P. 12(b)(6) is to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery.").

## III.   OTHER CONSIDERATIONS WEIGH IN FAVOR OF A STAY.

A stay of discovery is further warranted here because Plaintiffs will not be prejudiced by a brief stay of discovery.  *See In re Nexus 6p*, 2017 WL 3581188, at *2 (staying discovery where two-pronged test was satisfied and plaintiffs would not be "unduly prejudiced" by a limited stay); *Huang v. Futurewei Techs., Inc.*, No. 18-cv-00534, 2018 WL 1993503, at *4 (N.D. Cal. Apr. 27, 2018) (noting that plaintiff would not be prejudiced by stay where evidence was not "particularly vulnerable to spoliation").  On the other hand, proceeding with discovery would subject Defendants to extraordinary and needless expense and burden, all the more so in light of the proposed nationwide class and multi-year class period, both of which are untethered to claims based on the March 2020 outages.  *See* Fed. R. Civ. P. 26(c)(1) (court may stay discovery to "protect a party or person from . . . undue burden or expense").  In light of these considerations, the Court should stay discovery until it has had the opportunity to rule on the Motion to Dismiss and Strike.

///
///
///
///
///
///
///
///
///

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CONCLUSION**

For the reasons set forth herein, the Court should grant Defendants' motions to stay discovery.

Dated:  October 5, 2020

FARELLA BRAUN + MARTEL LLP

By:   /s/ C. Brandon Wisoff
        C. Brandon Wisoff

Attorneys for Defendants
ROBINHOOD MARKETS, INC.;
ROBINHOOD FINANCIAL LLC;
ROBINHOOD SECURITIES, LLC