United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE ROBINHOOD OUTAGE LITIGATION | Master File No. 20-cv-01626-JD |
| STANLEY WITHOUSKI,<br><br>  Plaintiff,<br><br>  v.<br><br>ROBINHOOD FINANCIAL LLC, et al.,<br><br>  Defendants. | Case No. 20-cv-03550-JD<br><br>**ORDER RE REMAND**<br><br>Re: Dkt. No. 12[1] |

This case is one of several actions against defendants Robinhood Financial LLC, Robinhood Markets, Inc., and Robinhood Securities, LLC (Robinhood), that the Court related and consolidated. *See* Dkt. No. 19 (consolidation order). Robinhood is an online brokerage and securities trading platform that features commission-free investing. On March 2 and 3, 2020, Robinhood's systems crashed, which prevented users from accessing their accounts to buy or sell securities. The consolidated cases allege damages from the systems outage.

Plaintiff Withouski originally filed this putative class action in the California Superior Court for the County of San Mateo. Dkt. No. 1 at ECF p. 10. He alleged California state law claims on behalf of a class of Robinhood users in California for violations of the California Unfair Competition Law and Consumer Legal Remedies Act, and for negligence, breach of contract, and

---

[1] Unless otherwise indicated, docket numbers for Case No. 20-cv-03350-JD are used in this order.

unjust enrichment, among others. *Id*. at ECF pp. 20-26. The gravamen of the complaint is that Robinhood touted its "[e]xceptionally engineered" and "low-latency" technology as "the best possible trade execution" system in the industry, when it actually had a "defective and unstable infrastructure" with coding bugs that caused the crash in March 2020. *Id.* at ECF pp. 16-17.

Robinhood removed the case to this Court under the Securities Litigation Uniform Standards Act of 1998 (SLUSA), 15 U.S.C. § 77p *et seq.*[2] Dkt. No. 1. In Robinhood's view, Withouski's state-law claims are in effect claims for violations of the federal securities laws, which SLUSA precludes from being litigated in a state-law class action.

Withouski asks for the case to be remanded. Dkt. No. 12. The Court concludes that the case was removed improvidently and without jurisdiction.

The general removal statute, 28 U.S.C. § 1441 *et seq.*, is hostile to removal. "Principles of federalism, comity, and respect for the state courts" weigh against removal, and doubts about removal jurisdiction count in favor of a remand. *California v. AbbVie Inc.*, 390 F. Supp. 3d 1176, 1180 (N.D. Cal. 2019).

Removal under SLUSA goes in the other direction. Congress enacted SLUSA to promote the removal of state-law class actions that sought to bypass the restrictions imposed on securities class actions by the Private Securities Litigation Reform Act of 1995. *See Kircher v. Putnam Funds Trust*, 547 U.S. 633, 636 (2006). The authority to remove under SLUSA depends on whether the state-law action is precluded. SLUSA precludes "private state-law 'covered' class actions alleging untruth or manipulation in connection with the purchase or sale of a 'covered' security." *Id*. at 636-37 (internal citation omitted); *see also Banks v. Northern Trust Corp.*, 929 F.3d 1046, 1050 (9th Cir. 2019). A "covered" class action is one in which damages are sought for more than 50 people, and a "covered" security is a security traded on a national exchange or issued

---

[2] SLUSA amended the Securities Act of 1933 and 1934. The preclusion and removal language is the same in these amendments. The language for the 1933 Act is at 15 U.S.C. § 77p(b) and (c), and the language for the 1934 Act is at 15 U.S.C. § 78bb(f)(1) and (2). Because these provisions are identical, they are discussed interchangeably, although strictly speaking the 1934 Act, which governs securities trading, applies here, rather than the 1933 Act, which governs securities issuers. *See Cyan v. Beaver County Employees Retirement Fund*, 138 S. Ct. 1061, 1066 (2018).

by investment companies. *See* 15 U.S.C. §§ 78bb(f)(5), 77r(b)(1) and (2); *Chadbourne & Parke LLP v. Troice*, 571 U.S. 377, 380-81 (2014).

If these conditions are met, a state-law class action is precluded and may be removed to federal court. 15 U.S.C. § 78bb(f)(2). The Supreme Court has taken pains to emphasize that removal is strictly confined to precluded cases. *Kircher*, 547 U.S. at 645 ("removal and jurisdiction to deal with removed cases is limited to those precluded" by SLUSA); *see also Cyan*, 138 S. Ct. at 1076 (underscoring same). "If the action is precluded, neither the district court nor the state court may entertain it, and the proper course is to dismiss. If the action is not precluded, the federal court likewise has no jurisdiction to touch the case on the merits, and the proper course is to remand to the state court that can deal with it." *Kircher*, 547 U.S. at 644.

Withouski's claims are not precluded by SLUSA, and so a remand is required. It is readily apparent from the complaint that Withouski has not brought any claims "in connection with" the securities laws as that concept has traditionally been construed. To be sure, the complaint alleges fraud and contract claims against a brokerage company, but not every breach of contract or misleading statement by a broker adds up to a violation of the securities laws. *See Chadbourne*, 571 U.S. at 391-92; *Freeman Investments, L.P. v. Pac. Life Ins. Co.*, 704 F.3d 1110, 1116 (9th Cir. 2013) (citing *Walling v. BeverlyEnters.*, 476 F.2d 393, 397 (9th Cir. 1973)). The "basic purpose of the 1934 and 1933 regulatory statutes is 'to insure honest securities markets and thereby promote investor confidence.'" *Chadbourne*, 571 U.S. at 390 (internal citation omitted). Consequently, SLUSA applies only where a defendant's deceptive conduct made "a significant difference to someone's decision to purchase or sell a covered security." *Id*. at 387; *see also Banks*, 929 F.3d at 1051. "The fraud in question must relate to the nature of the securities, the risks associated with their purchase or sale, or some other factor with similar connection to the securities themselves." *Freeman Investments*, 704 F.3d at 1116 (quoting *Falkowski v. Imation Corp.*, 309 F.3d 1123, 1130-31 (9th Cir. 2002)); *see also Desai v. Deutsche Bank Securities Ltd.*, 573 F.3d 931, 940 (9th Cir. 2009) (an omission must "stem from the failure to disclose accurate information relating to the value of a security where one has a duty to disclose it."). A merely "tangential" connection of the fraud to a securities transaction will not do. *Freeman*, 704 F.3d at

3

1116. For these reasons, the classic paradigms of securities violations "in connection with" buying or selling a security involve insider trading, manipulation of share prices, diversion of investment opportunities, fraudulent overvaluation, and similar dishonest practices that relate directly to the securities markets. *See, e.g., Chadbourne*, 571 U.S. at 388; *Banks*, 929 F.3d at 1051; *Freeman*, 704 F.3d at 1117.

Withouski does not allege anything like these concerns against Robinhood. The complaint is based entirely on the allegation that Robinhood promised users robust and best-in-class technology, and failed to deliver it. This conduct is well outside the boundaries of the claims that Congress intended to preclude under SLUSA. The Ninth Circuit has suggested as much in a similar SLUSA context. *See Fleming v. Charles Schwab Corp.*, 878 F.3d 1146, 1154 (9th Cir. 2017) (expressing doubt that a trading systems crash would be covered by SLUSA). Robinhood has not provided any good reason for transforming the claims about its systems crash into securities violations.

Robinhood removed solely on the grounds of SLUSA preclusion. Since the claims in the complaint are not precluded, this was error. The case was removed improvidently and without jurisdiction, and is remanded to the California Superior Court.

**IT IS SO ORDERED.**

Dated: October 19, 2020

JAMES DONATO
United States District Judge