**KAPLAN FOX & KILSHEIMER LLP**
Matthew B. George (SBN 239322)
Maia C. Kats (*pro hac vice*)
Laurence D. King (SBN 206423)
Mario M. Choi (SBN 243409)
1999 Harrison Street, Suite 1560
Oakland, CA 94612
Telephone: 415-772-4700
Facsimile: 415-772-4707
*mgeorge@kaplanfox.com*
*mkats@kaplanfox.com*
*lking@kaplanfox.com*
*mchoi@kaplanfox.com*

**COTCHETT, PITRE & MCCARTHY, LLP**
Anne Marie Murphy (SBN 202540)
Mark C. Molumphy (SBN 168009)
Noorjahan Rahman (SBN 330572)
Tyson C. Redenbarger (SBN 294424)
Julia Q. Peng (SBN 318396)
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577
*amurphy@cpmlegal.com*
*mmolumphy@cpmlegal.com*
*lhakala@cpmlegal.com*
*nrahman@cpmlegal.com*
*tredenbarger@cpmlegal.com*
*jpeng@cpmlegal.com*

*Co-Lead Interim Class Counsel for Plaintiffs*

**FARELLA BRAUN + MARTEL LLP**
C. Brandon Wisoff (State Bar No. 121930)
Eric D. Monek Anderson (State Bar No. 320934)
235 Montgomery Street, 17th Floor
San Francisco, California 94104
Telephone: (415) 954-4400
Facsimile: (415) 954-4480
*bwisoff@fbm.com*
*emonekanderson@fbm.com*

**DEBEVOISE & PLIMPTON LLP**
Maeve L. O'Connor (*pro hac vice*)
Elliot Greenfield (*pro hac vice*)
919 Third Avenue
New York, New York 10022
Telephone: 212.909.6000
*mloconnor@debevoise.com*
*egreenfield@debevoise.com*

*Attorneys for Defendants Robinhood Financial LLC, Robinhood Securities, LLC, and Robinhood Markets, Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| *In re: Robinhood Outage Litigation* | Case No. 3:20-cv-01626-JD<br><br>**STIPULATED PROTECTIVE ORDER FOR LITIGATION** |

## 1.   PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

## 2.   DEFINITIONS

2.1   Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2   Competitor: a broker-dealer that provides services online or through a mobile app.

2.3   "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.4   Counsel (without qualifier): Outside Counsel of Record and In-House Counsel (as well as their support staff).

2.5   Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY".

2.6   Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things,

testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7     Expert: a person with (1) specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action; (2) is not a current employee of a Party or a Party's Competitor; and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's Competitor within six months.  For the avoidance of doubt, professional experts, professors and other third-parties who perform consulting work for a Party or a Party's Competitor are not deemed to be employees of a Party or a Party's Competitor for purposes of this provision.

2.8     "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.9     In-House Counsel: attorneys who are employees of a party to this action. In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10    Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.11    Outside Counsel of Record: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.12    Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.13    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.14    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and

organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15    Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.16    Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

**3.    SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

**4.    DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

1

## 5. <u>DESIGNATING PROTECTED MATERIAL</u>

5.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practicable to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2 <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

(b) for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 30 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the 30 days shall be covered by the provisions of this Stipulated Protective Order. Alternatively, a Designating Party may specify, at the deposition or up to 30 days afterwards if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other parties can ensure that only

authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 30-day (or otherwise agreed) period for witness review and designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY". If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.3     <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## 6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic

1   burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to

2   challenge a confidentiality designation by electing not to mount a challenge promptly after the

3   original designation is disclosed.

4       6.2     Meet and Confer. The Challenging Party shall initiate the dispute resolution

5   process by providing written notice of each designation it is challenging and describing the basis

6   for each challenge. To avoid ambiguity as to whether a challenge has been made, the written

7   notice must recite that the challenge to confidentiality is being made in accordance with this

8   specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in

9   good faith and must begin the process by conferring directly (in voice to voice dialogue; other

10  forms of communication are not sufficient) within 14 days of the date of service of notice. In

11  conferring, the Challenging Party must explain the basis for its belief that the confidentiality

12  designation was not proper and must give the Designating Party an opportunity to review the

13  designated material, to reconsider the circumstances, and, if no change in designation is offered,

14  to explain the basis for the chosen designation. A Challenging Party may proceed to the next

15  stage of the challenge process only if it has engaged in this meet and confer process first or

16  establishes that the Designating Party is unwilling to participate in the meet and confer process in

17  a timely manner.

18      6.3     Judicial Intervention. If the Parties cannot resolve a challenge without court

19  intervention, the Designating Party shall file and serve a motion to retain confidentiality under

20  Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days

21  of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer

22  process will not resolve their dispute, whichever is earlier. Each such motion must be

23  accompanied by a competent declaration affirming that the movant has complied with the meet

24  and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to

25  make such a motion including the required declaration within 21 days (or 14 days, if applicable)

26  shall automatically waive the confidentiality designation for each challenged designation. In

27  addition, the Challenging Party may file a motion challenging a confidentiality designation at any

28  time if there is good cause for doing so, including a challenge to the designation of a deposition

transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

## 7. ACCESS TO AND USE OF PROTECTED MATERIAL

7.1    <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order. The Producing Party may specify the minimal level of protection expected in the storage and transfer of its information provided that such level of protection is not greater than that reasonably used by the Producing Party for such information in the ordinary course of the Producing Party's business. In the event the Receiving Party experiences a data breach, it shall immediately notify the Producing Party of the same, and shall cooperate with the Producing Party to address and remedy the breach, subject to the Producing Party's reasonable instructions. Nothing herein shall constitute a waiver of legal rights and defenses regarding the protection of information from unauthorized disclosure.

The Parties agree that any data concerning absent class members, including any account information, shall be subject to the following data security protections:

- All customer data should be stored encrypted at rest, using algorithms equivalent to AES-256 or above.  Documents must never be transmitted unencrypted at any point, and may not enter insecure communication mechanisms such as email without prior approval by Robinhood's Security & Privacy team.  If information must be transmitted via email, then an encrypted email mechanism, such as PGP, SMime, or a provider such as Zixmail, SendSafely, etc. shall be used.

- If information is stored in SaaS apps, Robinhood reserves the right to review these apps for their security and oppose the use of one if they are deemed insecure.  The following are considered authorized SaaS storage mechanisms from the perspective of Robinhood's Security & Privacy team:

    - Box
    - Google Drive
    - Dropbox
    - OneDrive

- If there are internal or hosted solutions, the Parties must ensure that they meet the properties stated above, in addition to ensuring that these solutions are guarded by a strong protective mechanism, such as a firewall, single-sign on, VPN, and other defense in depth solutions.

7.2     <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) the officers, directors, and employees (including In-House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

1      (c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is

2  reasonably necessary for this litigation and who have signed the "Acknowledgment and

3  Agreement to Be Bound" (Exhibit A);

4      (d) the Court and its personnel;

5      (e) court reporters and their staff, professional jury or trial consultants, and Professional

6  Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the

7  "Acknowledgment and Agreement to Be Bound" (Exhibit A);

8      (f) during their depositions, witnesses in the action to whom disclosure is reasonably

9  necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A),

10  unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed

11  deposition testimony or exhibits to depositions that reveal Protected Material must be separately

12  bound by the court reporter and may not be disclosed to anyone except as permitted under this

13  Stipulated Protective Order.

14      (g) the author or recipient of a document containing the information or a custodian or

15  other person who otherwise possessed or knew the information.

16      7.3      Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

17  Information or Items. Unless otherwise ordered by the court or permitted in writing by the

18  Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY

19  CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

20      (a) the Receiving Party's Outside Counsel of Record in this action, as well as employees

21  of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information

22  for this litigation;

23      (b) In-House Counsel of the Receiving Party to whom disclosure is reasonably necessary

24  for this litigation;

25      (c) Experts of the Receiving Party to whom disclosure is reasonably necessary for this

26  litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

27      (d) the court and its personnel;

28

(e) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(f) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

**8.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.[1]

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

---

[1] The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### 9.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)    The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY". Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)    In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1.   promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2.   promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3.   make the information requested available for inspection by the Non-Party.

(c)    If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.[2] Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

---

[2] The purpose of this provision is to alert the interested parties to the existence of confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality interests in this court.

**10.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**11.     INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

**12.     MISCELLANEOUS**

12.1     <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

12.2     <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3    <u>Filing Protected Material</u>. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(e) is denied by the court, then the Receiving Party may file the Protected Material in the public record pursuant to Civil Local Rule 79-5(e)(2) unless otherwise instructed by the court.

## 13.    **FINAL DISPOSITION**

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD

1

2     DATED: February 3, 2021                    */s/ Matthew B. George*
                                                **KAPLAN FOX & KILSHEIMER LLP**
3                                                Matthew B. George (SBN 239322)
                                                Maia C. Kats (admitted *pro hac vice*)
4                                                Laurence D. King (SBN 206423)
                                                Mario M. Choi (SBN 243409)
5                                                1999 Harrison Street, Suite 1560
                                                Oakland, CA 94612
6                                                Telephone: 415-772-4700
                                                Facsimile: 415-772-4707
7                                                *mgeorge@kaplanfox.com*
                                                *mkats@kaplanfox.com*
8                                                *lking@kaplanfox.com*
                                                *mchoi@kaplanfox.com*

9                                                *Co-Lead Interim Class Counsel for Plaintiffs*

10                                               */s/ Anne Marie Murphy*
                                                **COTCHETT, PITRE & MCCARTHY, LLP**
11                                               Anne Marie Murphy (SBN 202540)
                                                Mark C. Molumphy (SBN 168009)
12                                               Noorjahan Rahman (SBN 330572)
                                                Tyson C. Redenbarger (SBN 294424)
13                                               Julia Peng (SBN 318396)
                                                San Francisco Airport Office Center
14                                               840 Malcolm Road, Suite 200
                                                Burlingame, CA 94010
15                                               Telephone: (650) 697-6000
                                                Facsimile: (650) 697-0577
16                                               *amurphy@cpmlegal.com*
                                                *mmolumphy@cpmlegal.com*
17                                               *lhakala@cmplegal.com*
                                                *nrahman@cpmlegal.com*
18                                               *tredenbarger@cpmlegal.com*
                                                *jpeng@cpmlegal.com*
19
                                                *Co-Lead Interim Class Counsel for Plaintiffs*
20
                                                */s/ Courtney M. Werning*
21                                               **MEYER WILSON CO., LPA**
                                                Courtney M. Werning (to be admitted *pro hac*
22                                               *vice*)
                                                30000 Chagrin Blvd, Suite 200
23                                               Cleveland, OH 44124
                                                Telephone: 888-592-8455
24                                               *Cwerning@meyerwilson.com*

25                                               *Member, Plaintiffs' Executive Committee*

26                                               */s/ Leslie Pescia*
                                                **BEASLEY ALLEN CROW METHVIN**
27                                               Leslie Pescia (to be admitted *pro hac vice*)
                                                218 Commerce Street
28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Montgomery, AL 36104
Telephone: 800-898-2034
*Leslie.Pescia@BeasleyAllen.com*

*Member, Plaintiffs' Executive Committee*

*/s/ Susana Cruz Hodge*
**LITE DEPALMA & GREENBERG, LLC**
Susana Cruz Hodge (to be admitted *pro hac vice*)
570 Broad Street, Suite 1201
Newark, NJ 07102
Telephone: 973-877-3811
*scruzhodge@litedepalma.com*

*Member, Plaintiffs' Executive Committee*

*/s/ Rachele Byrd*
**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**
Rachele Byrd
Symphony Towers
750 B Street, Suite 1820
San Diego, California 92101
Telephone: 619-239-4599
*Byrd@whafh.com*

*Member, Plaintiffs' Executive Committee*

*/s/ Jamisen A. Etzel*
**CARLSON LYNCH**
Jamisen A. Etzel (*pro hac vice*)
1133 Penn Ave., 5th Floor
Pittsburgh, PA 15222
Telephone: 412-322-9243
*jetzel@carlsonlynch.com*

*Member, Plaintiffs' Executive Committee*

*/s/ Erin Comite*
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
Erin Comite (*pro hac vice*)
156 South Main Street
P.O. Box 192
Colchester, CT 06415
Telephone: 860-537-5537
*ecomite@scott-scott.com*

*Member, Plaintiffs' Executive Committee*

*/s/ Brandon Taaffe*
**SHUMAKER, LOOP & KENDRICK, LLP**
Brandon Taaffe (to be admitted *pro hac vice*)
240 South Pineapple Ave., 10th Floor
Sarasota, Florida 34236

- 16 -

Telephone: (941) 366-6660
*btaaffe@shumaker.com*

*Member, Plaintiffs' Executive Committee*

*/s/ Tina Wolfson*
**AHDOOT & WOLFSON, PC**
Tina Wolfson (SBN 174806)
10728 Lindbrook Drive
Los Angeles, CA 90024
Telephone: (310) 474-9111
*twolfson@ahdootwolfson.com*

*Member, Plaintiffs' Executive Committee*

*/s/ Steve Lopez*
**GIBBS LAW GROUP LLP**
Steve Lopez (SBN 300540)
505 14th Street, Suite 1110
Oakland, California 94612
Telephone: (510) 350-9700
*sal@classlawgroup.com*

*Liaison Counsel*

DATED: February 3, 2021

*/s/ C. Brandon Wisoff*
**FARELLA BRAUN + MARTEL LLP**
C. Brandon Wisoff (State Bar No. 121930)
Eric D. Monek Anderson (State Bar No. 320934)
235 Montgomery Street, 17th Floor
San Francisco, California 94104
Telephone: (415) 954-4400
Facsimile: (415) 954-4480
*bwisoff@fbm.com*
*emonekanderson@fbm.com*

*/s/ Maeve L. O'Connor*
**DEBEVOISE & PLIMPTON LLP**
Maeve L. O'Connor (*pro hac vice*)
Elliot Greenfield (*pro hac vice*)
919 Third Avenue
New York, New York 10022
Telephone: 212.909.6000
*mloconnor@debevoise.com*
*egreenfield@debevoise.com*

*Attorneys for Defendants Robinhood Financial, LLC, Robinhood Securities, LLC, and Robinhood Markets, Inc.*

1

## **ATTESTATION**

2

3          I, C. Brandon Wisoff, am the ECF User whose identification and password are being used

4     to file this Stipulation.  In compliance with Local Rule 5-1(i)(3), I attest that concurrence in the

5     filing in this document was obtained from the above signatories.

6     DATED:  February 3, 2021          FARELLA BRAUN + MARTEL LLP

7

8                                        By:   */s/ C. Brandon Wisoff*
                                              C. Brandon Wisoff

9                                        Attorneys for Defendants
                                         ROBINHOOD FINANCIAL, LLC;
10                                       ROBINHOOD MARKETS, INC.; and
                                         ROBINHOOD SECURITIES, LLC,
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1   PURSUANT TO STIPULATION, IT IS SO ORDERED.

2

3   DATED:_____          _____

4                                                Hon. James Donato
                                             United States District Judge

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>EXHIBIT A</u>

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

I, _____ [print or type full name], of _____

[print or type full address], declare under penalty of perjury that I have read in its entirety and

understand the Stipulated Protective Order that was issued by the United States District Court for

the Northern District of California on _____in the case of

<u>In re Robinhood Outage Litigation</u>. I agree to comply with and to be bound by all the terms of

this Stipulated Protective Order and I understand and acknowledge that failure to so comply could

expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will

not disclose in any manner any information or item that is subject to this Stipulated Protective

Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Northern District of California for the purpose of enforcing the terms of this Stipulated Protective

Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of

_____

[print or type full address and telephone number] as my California agent for service of process in

connection with this action or any proceedings related to enforcement of this Stipulated Protective

Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____
        [printed name]

Signature: _____
        [signature]

Case No. 3:20-cv-01626-JD

STIPULATED PROTECTIVE ORDER FOR LITIGATION