C. Brandon Wisoff (State Bar No. 121930)
bwisoff@fbm.com
Eric D. Monek Anderson (State Bar No. 320934)
emonekanderson@fbm.com
Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
Telephone: (415) 954-4400
Facsimile: (415) 954-4480

Maeve L. O'Connor (appearance *pro hac vice*)
Elliot Greenfield (appearance *pro hac vice*)
Debevoise & Plimpton LLP
919 Third Avenue
New York, New York 10022
Telephone: (212) 909-6000
Email: mloconnor@debevoise.com
Email: egreenfield@debevoise.com

Attorneys for Defendants
ROBINHOOD FINANCIAL LLC;
ROBINHOOD SECURITIES, LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE ROBINHOOD OUTAGE LITIGATION | Master File 3:20-cv-01626-JD |
| | **DEFENDANTS' ANSWER TO THE CONSOLIDATED CLASS ACTION COMPLAINT** |
| | **DEMAND FOR JURY TRIAL** |

Farella Braun +
Martel LLP

Defendants Robinhood Financial LLC ("Robinhood Financial") and Robinhood Securities, LLC ("Robinhood Securities") (collectively, "Robinhood") by their undersigned attorneys, for their Answer to the Consolidated Class Action Complaint, state as follows:

1.      Deny the allegations in Paragraph 1, except admit that Plaintiffs purport to allege claims on behalf of the putative class described against the named defendants, admit that Plaintiffs demand a trial by jury, deny knowledge or information as to the basis of Plaintiffs' allegations, and note that Robinhood Markets, Inc. is no longer a defendant in this lawsuit.

2.      Deny the allegations in Paragraph 2, except admit that Financial Industry Regulatory Authority, Inc. (FINRA) is a private corporation that acts as a non-governmental, self-regulatory organization that regulates member brokerage firms and exchange markets, admit that Robinhood Financial and Robinhood Securities are FINRA-regulated broker-dealers, admit that Robinhood Financial customers can place securities trades commission-free through the firm's website and by using web-based applications (the "Robinhood Trading Platform"), admit that Robinhood Financial permits customers to purchase and sell certain securities, admit that Robinhood Financial permits some customers to purchase and sell options contracts and permits some customers to engage in trading on margin, and admit that Robinhood has no customer-facing offices.

3.      Deny the allegations in Paragraph 3, except admit that the Robinhood Trading Platform experienced an outage during portions of March 2, 2020 and March 3, 2020 (the "March 2-3 Outage") during which some customers were unable to buy or sell securities through the Robinhood Trading Platform.

4.      Deny the allegations in Paragraph 4, except admit that Robinhood's Trading Platform experienced outages during a portion of March 9, 2020 (the "March 9 Outage") and June 18, 2020, and admit that Plaintiffs purport to seek damages related to the March 2-3 Outage and the March 9 Outage (collectively, the "March 2020 Outages").

5.      Deny the allegations in Paragraph 5, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding what Plaintiffs or other customers attempted to do during the March 2020 Outages, admit that the Help Center was

unavailable during the March 2-3 Outage, and admit that some customers were unable to buy or sell securities through the Robinhood Trading Platform during the March 2020 Outages.

6.     Deny the allegations in Paragraph 6, except admit that during the March 2020 Outages, some customers were unable to buy or sell securities through the Robinhood Trading Platform or exercise options, and deny knowledge or information sufficient to form a belief as to whether Plaintiffs received trade confirmations for the unidentified trades orders "placed before the Outages" or "during the Outages."

7.     Paragraph 7 states legal conclusions to which no response is necessary.  To the extent any response to the allegations contained in Paragraph 7 is necessary, Defendants deny them, except admit that during the March 2020 Outages, some customers were unable to buy or sell securities through the Robinhood Trading Platform or exercise options.

8.     Paragraph 8 states legal conclusions to which no response is necessary.  To the extent any response to the allegations contained in Paragraph 8 is necessary, Defendants deny them, except admit that during the March Outages, some customers were unable to buy or sell securities through the Robinhood Trading Platform or exercise options, admit that certain options contracts tracking the S&P 500 expired during the March 2-3 Outage.

9.     Deny the allegations in Paragraph 9, respectfully refer the Court to the July 8, 2020 New York Times article and the March 10, 2020 Bloomberg article for their complete contents, and deny knowledge or information sufficient to form a belief as to whether unnamed "Robinhood employees" made the statements quoted in the July 8, 2020 New York Times article.

10.     Paragraph 10 states legal conclusions to which no response is necessary.  To the extent any response to the allegations contained in Paragraph 10 is necessary, Defendants deny them.

11.     Deny the allegations in Paragraph 11, except admit Plaintiffs purport to assert claims including negligence, breach of contract, breach of fiduciary duty, and violations of California's Unfair Competition Law on behalf of the putative class described, and admit Plaintiffs purport to seek damages, restitution, disgorgement and declaratory relief.

12.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12.

13.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13.

14.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14.

15.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 and note that David Kostenko is no longer a Plaintiff.

16.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16.

17.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17.

18.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18.

19.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19.

20.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20.

21.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21.

22.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22.

23.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23.

24.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24.

25.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25.

26.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26.

27.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27.

28.     Admit.

29.     Deny the allegations in Paragraph 29, except admit that Robinhood Securities is a Delaware corporation, admit that Robinhood Securities has an office at 500 Colonial Center Parkway, Suite 100, Lake Mary, Florida 32746, admit that Robinhood Securities is a wholly-owned subsidiary of Robinhood Markets, and note that Robinhood Markets is no longer a defendant in this lawsuit.

30.     Admit, except note that Robinhood Markets is no longer a defendant in this lawsuit.

31.     Paragraph 31 states legal conclusions to which no response is necessary.  To the extent any response to the allegations contained in Paragraph 31 is necessary, Defendants deny, except admit that this Court has subject matter jurisdiction over this matter.

32.     Paragraph 32 states legal conclusions to which no response is necessary.  To the extent any response to the allegations contained in Paragraph 32 is necessary, Defendants deny, except admit that this Court is the proper venue for this action.

33.     Paragraph 33 states legal conclusions to which no response is necessary.  To the extent any response to the allegations contained in Paragraph 33 is necessary, Defendants deny, except admit that this Court has personal jurisdiction over Robinhood Financial and Robinhood Securities.

34.     Paragraph 34 states legal conclusions to which no response is necessary.  To the extent any response to the allegations contained in Paragraph 34 is necessary, Defendants deny, except admit that an intradistrict assignment to the San Francisco Division is appropriate.

35.     Deny the allegations in Paragraph 35, except admit that Robinhood Financial was founded by Vlad Tenev and Baiju Bhatt, who met each other at Stanford University in 2005.

36.     Deny the allegations in Paragraph 36, except admit that Robinhood Financial customers are able to invest in stocks and exchange traded funds ("ETFs") through the Robinhood Trading Platform, and admit that some Robinhood customers are authorized to invest in options.

37.     Defendants deny the allegations in Paragraph 37, except admit that Robinhood offers commission-free trading, admit that as of July 2020, Robinhood Financial had more than 13 million approved accounts on its platform, and admit that in August 2020, Robinhood Markets raised $200 million in Series G funding which implied an enterprise valuation of $11.2 billion, and deny knowledge or information sufficient to form a belief as to commissions charged by "most brokerage firms."

38.     Deny the allegations in Paragraph 38, except admit that Robinhood Financial does not charge commissions, admit that Robinhood Financial initially allowed customers to trade stocks and ETFs, and admit that some Robinhood Financial customers are authorized to trade options and some Robinhood Financial customers are authorized to trade on margin.

39.     Deny the allegations in Paragraph 39, except admit that Robinhood Financial considers ease of use in designing its applications, and admit that a list of stocks may appear on the home screen of the Robinhood Trading Platform.

40.     Deny the allegations in Paragraph 40, except admit that an image of confetti appears to fall from the top of the screen when users claim a referral award.

41.     Deny the allegations in Paragraph 41, except admit that customers are required to respond to questions as part of the options application process, and respectfully refer the Court to the July 8, 2020 New York Times article for its complete contents.

42.     Deny the allegations in Paragraph 42, and respectfully refer the Court to the July 8, 2020 New York Times article for its full contents.

43.     Deny the allegations in Paragraph 43, and respectfully refer the Court to the June 17, 2020 Forbes article for its full contents.

44.     Deny the allegations in Paragraph 44, and respectfully refer the Court to the Elite Trader article for its complete contents.

45.     Deny the allegations in Paragraph 45, respectfully refer the Court to the March 3, 2020 blog post for its full and accurate contents and deny any allegation inconsistent therewith.

46.     Deny the allegations in Paragraph 46, respectfully refer the Court to the July 8, 2020 New York Times article for its full contents, deny knowledge or information sufficient to form a belief as to the trading behavior of customers of other securities brokers.

47.     Deny the allegations in Paragraph 47, respectfully refer the Court to the July 8, 2020 New York Times article for its complete contents.

48.     Deny the allegations in Paragraph 48, except admit that individuals opening an account with Robinhood Financial enter into a Customer Agreement with Robinhood Financial and Robinhood Securities, and admit that the Customer Agreement has been revised on February 5, 2020, April 28, 2020 and June 22, 2020.

49.     Deny allegations in Paragraph 49, except admit that the learn.robinhood.com website provides educational information on investing, respectfully refer the Court to the learn.robinhood.com website for its full and accurate contents and deny any allegation inconsistent therewith, and respectfully refer the Court to the August 21, 2020 CNBC article for its full and complete content.

50.     Deny the allegations contained in Paragraph 50, except admit that Robinhood Financial offers a paid subscription product called "Gold," admit that Gold subscribers have increased access to instant deposits, admit that Gold subscribers have access to third-party investment research and Level II market data, admit that some Gold subscribers are allowed to trade on margin, and admit that customers with the ability to trade on margin have the ability to buy securities using money borrowed from the broker.

51.     Deny the allegations in Paragraph 51, except admit that Robinhood Securities receives payment for order flow, admit that the interest on cash balances in customer accounts is one of Robinhood's revenue sources, and admit that payment for order flow is Robinhood's largest source of revenue.

52.     Deny the allegations in Paragraph 52, except admit that Robinhood Securities receives payment for order flow from market makers.

53.     Deny the allegations in Paragraph 53, respectfully refer the Court to Rule 606 disclosures of Robinhood Securities for their full and accurate contents and deny any allegation inconsistent therewith.

54.     Deny the allegations in Paragraph 54, except admit that the Robinhood Trading Platform suffered an outage at or about 9:33 AM EST on March 2, 2020, admit that during the March 2-3 Outage the Robinhood Trading Platform was unable to process most trade orders, and admit that during the March 2-3 Outage some customers were unable to buy or sell securities through the Robinhood Trading Platform or exercise options.

55.     Deny the allegations in Paragraph 55, respectfully refer the Court to the @AskRobinhood March 2, 2020, 11:02 a.m. EST post on Twitter for its full and accurate contents and deny any allegation inconsistent therewith.

56.     Deny the allegations in Paragraph 56, except admit that Robinhood Financial emailed customers on the afternoon of March 2, 2020, respectfully refer the Court to the March 2, 2020 email for its full and accurate contents and deny any allegation inconsistent therewith.

57.     Deny the allegations in Paragraph 57, respectfully refer the Court to the @AskRobinhood March 2, 2020, 4:07 p.m. EST post on Twitter for its full and accurate contents and deny any allegation inconsistent therewith.

58.     Deny the allegations in Paragraph 58, respectfully refer the Court to the @AskRobinhood March 3, 2020, 2:19 a.m. EST post on Twitter for its full and accurate contents and deny any allegation inconsistent therewith.

59.     Deny the allegations in Paragraph 59, except admit that Robinhood Financial emailed customers on the morning of March 3, 2020, respectfully refer the Court to the March 3, 2020 email for its full and accurate contents and deny any allegation inconsistent therewith.

60.     Deny the allegations in Paragraph 60, respectfully refer the Court to the @AskRobinhood March 3, 2020, 10:11 a.m. EST post on Twitter for its full and accurate contents and deny any allegation inconsistent therewith.

61.     Deny the allegations in Paragraph 61, respectfully refer the Court to the @AskRobinhood March 3, 2020, 11:35 a.m. EST post on Twitter for its full and accurate contents and deny any allegation inconsistent therewith.

62.     Deny the allegations in Paragraph 62, respectfully refer the Court to the @AskRobinhood March 3, 2020, 11:54 a.m. EST post on Twitter for its full and accurate contents and deny any allegation inconsistent therewith.

63.     Deny the allegations in Paragraph 63, respectfully refer the Court to the @AskRobinhood March 3, 2020, 10:23 a.m. post on Twitter for its full and accurate contents and deny any allegation inconsistent therewith.

64.     Deny the allegations in Paragraph 64, except admit that Robinhood's founders issued a blog post on March 3, 2020, respectfully refer the Court to the March 3, 2020 blog post for its full and accurate contents and deny any allegation inconsistent therewith.

65.     Deny the allegations in Paragraph 65, except admit that during the March 9 Outage, some customers were unable to buy or sell securities through the Robinhood Trading Platform or exercise options.

66.     Deny the allegations in Paragraph 66, except admit that, according to the CBOE Global Markets website cited in footnotes 40 and 41, the total volume of shares traded on U.S. exchanges was 14,163,098,270 shares on March 2, 2020, 14,900,627,470 shares on March 3, 2020, 17,614,290,337 shares on March 9, 2020, 15,821,612,374 shares on February 27, 2020, and 19,357,141,449 shares on February 28, 2020.

67.     Deny the allegations in Paragraph 67, except deny knowledge or information sufficient to form a belief as to trading volume in 2008.

68.     Deny the allegations in Paragraph 68.

69.     Deny the allegations in Paragraph 69, respectfully refer the Court to the 2020 Annual Audited Report of Robinhood Securities for its full and accurate contents and deny any allegation inconsistent therewith.

70.     Deny the allegations in Paragraph 70.

71.     Deny the allegations in Paragraph 71, and respectfully refer the Court to the July 8, 2020 New York Times article for its complete contents.

72.     Deny the allegations in Paragraph 72, respectfully refer the Court to the July 8, 2020 New York Times article for its complete contents, and deny knowledge or information sufficient to form a belief as to whether unnamed "Robinhood employees" made the statements quoted in the July 8, 2020 New York Times article.

73.     Deny the allegations in Paragraph 73, except admit that Robinhood Financial offered certain customers a "goodwill credit."

74.     Deny the allegations in Paragraph 74, except admit that Robinhood Financial sent an email to some customers on March 23, 2020, and respectfully refer the Court to the March 23, 2020 email for its full and accurate contents and deny any allegation inconsistent therewith.

75.     Deny the allegations in Paragraph 75.

76.     Paragraph 76 states legal conclusions to which no response is necessary.  To the extent any response to the allegations in Paragraph 76 is necessary, Defendants deny them, except admit that Robinhood Financial and Robinhood Securities are broker-dealers.

77.     Paragraph 77 states legal conclusions to which no response is necessary.  To the extent any response to the allegations in Paragraph 77 is necessary, Defendants deny them, and respectfully refer the Court to the SEC September 9, 1998 bulletin for its full and complete contents.

78.     Paragraph 78 states legal conclusions to which no response is necessary.  To the extent any response to the allegations in Paragraph 78 is necessary, Defendants deny them, and respectfully refer the Court to the National Association of Securities Dealers 1999 Notice to Members for its complete contents.

79.     Paragraph 79 states legal conclusions to which no response is necessary.  To the extent any response to the allegations in Paragraph 79 is necessary, Defendants deny them, and respectfully refer the Court to FINRA Rule 5310 for its complete contents.

80.     Paragraph 80 states legal conclusions and definitional allegations to which no response is necessary.  To the extent any response to the allegations in Paragraph 80 is necessary, Defendants deny them, and respectfully refer the Court to FINRA Rule 4370 for its complete contents.

81.     Deny the allegations in Paragraph 81, except admit that the document attached as Exhibit A is the summary of Robinhood's written business continuity plan, and admit that the Robinhood.com website was inaccessible during portions of the March 2020 Outages.

82.     Deny the allegations in Paragraph 82, respectfully refer the Court to the current business continuity plan summary for its full and accurate contents and deny any allegation inconsistent therewith.

83.     Paragraph 83 states legal conclusions to which no response is necessary.  To the extent any response to the allegations in Paragraph 83 is necessary, Defendants deny them.

84.     Deny the allegations in Paragraph 84, except admit that Robinhood Financial and FINRA entered into a "Letter of Acceptance, Waiver and Consent" in December 2019, respectively refer the Court to that document for its complete contents.

85.     Deny the allegations in Paragraph 85, except admit that there was an outage on the Robinhood Trading Platform in December 2018 that affected options trading.

86.     Deny the allegations in Paragraph 86.

87.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 87, except admit that Plaintiff Beckman is a customer of Robinhood Financial and Robinhood Securities and entered into a Customer Agreement.

88.     Admit that Plaintiff Beckman was a Robinhood Gold subscriber during the March 2020 Outages.

89.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 89.

90.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 90.

91.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 91.

92.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 92, except admit that Plaintiff Gwaltney is a customer of Robinhood Financial and Robinhood Securities and entered into a Customer Agreement.

93.     Deny the allegations in Paragraph 93.

94.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 94.

95.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 95.

96.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 96.

97.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 97.

98.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 98.

99.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 99, except admit that Plaintiff Jones is a customer of Robinhood Financial and Robinhood Securities and entered into a Customer Agreement.

100.    Admit the Plaintiff Jones was a Robinhood Gold subscriber during the March 2020 Outages.

101.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 101.

102.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 102.

103.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 103.

104.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 104 and note that David Kostenko is no longer a Plaintiff in this lawsuit.

105.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 105 and note that David Kostenko is no longer a Plaintiff in this lawsuit.

106.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 106 and note that David Kostenko is no longer a Plaintiff in this lawsuit.

107.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 107 and note that David Kostenko is no longer a Plaintiff in this lawsuit.

108.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 108 and note that David Kostenko is no longer a Plaintiff in this lawsuit.

109.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 109 and note that David Kostenko is no longer a Plaintiff in this lawsuit.

110.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 110, except admit that Plaintiff Kuri is a customer of Robinhood Financial and Robinhood Securities and entered into a Customer Agreement.

111.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 111.

112.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 112.

113.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 113.

Farella Braun + Martel LLP

DEFENDANTS' ANSWER TO THE CONSOLIDATED CLASS ACTION COMPLAINT – 20-cv-01626-JD

114.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 114.

115.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 115, except admit that Plaintiff Leith is a customer of Robinhood Financial and Robinhood Securities and entered into a Customer Agreement.

116.    Admit the Plaintiff Leith was a Robinhood Gold subscriber during the March 2020 Outages.

117.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 117.

118.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 118.

119.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 119.

120.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 120.

121.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 121.

122.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 122, except admit that Plaintiff Mahrouyan is a customer of Robinhood Financial and Robinhood Securities and entered into a Customer Agreement.

123.    Admit the Plaintiff Mahrouyan was a Robinhood Gold subscriber during the March 2020 Outages.

124.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 124.

125.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 125.

126.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 126.

127.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 127.

128.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 128.

129.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 122, except admit that Plaintiff Moghadam is a customer of Robinhood Financial and Robinhood Securities and entered into a Customer Agreement.

130.    Admit the Plaintiff Moghadam was a Robinhood Gold subscriber during the March 9 Outage.

131.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 131.

132.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 132.

133.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 133.

134.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 134, except admit that $25,000 is the minimum amount for day trading under FINRA rules.

135.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 135, except admit that Plaintiff Morey is a customer of Robinhood Financial and Robinhood Securities and entered into a Customer Agreement.

136.    Admit the Plaintiff Morey was a Robinhood Gold subscriber during the March 2020 Outages.

137.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 137.

138.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 138.

139.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 139.

140.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 140.

141.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 141.

142.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 142, except admit that Plaintiff Prendergast is a customer of Robinhood Financial and Robinhood Securities and entered into a Customer Agreement.

143.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 143.

144.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 144.

145.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 145.

146.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 146, except admit that Plaintiff Rao is a customer of Robinhood Financial and Robinhood Securities and entered into a Customer Agreement.

147.   Admit the Plaintiff Rao was a Robinhood Gold subscriber during the March 2020 Outages.

148.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 148.

149.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 149.

150.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 150.

151.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 151, except admit that Robinhood Financial liquidated some of Plaintiff Rao's positions on March 3, 2020 and March 4, 2020 due to a margin call.

152.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 152, except admit that Plaintiff Riggs is a customer of Robinhood Financial and Robinhood Securities and entered into a Customer Agreement.

153.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 153.

154.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 154.

155.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 155.

156.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 156, except admit that Plaintiff Russell is a customer of Robinhood Financial and Robinhood Securities and entered into a Customer Agreement.

157.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 157.

158.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 158.

159.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 159.

160.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 160, except admit that Plaintiff Steinberg is a customer of Robinhood Financial and Robinhood Securities and entered into a Customer Agreement.

161.    Admit the Plaintiff Steinberg was a Robinhood Gold subscriber during the March 2020 Outages.

162.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 162.

Farella Braun +
Martel LLP

DEFENDANTS' ANSWER TO THE CONSOLIDATED CLASS ACTION COMPLAINT – 20-cv-01626-JD

163.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 163.

164.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 164.

165.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 165.

166.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 166, except admit that Plaintiff Ward is a customer of Robinhood Financial and Robinhood Securities and entered into a Customer Agreement.

167.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 167.

168.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 168.

169.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 169.

170.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 170.

171.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 171, except admit that Plaintiff Xia is a customer of Robinhood Financial and Robinhood Securities and entered into a Customer Agreement.

172.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 172.

173.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 173.

174.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 174.

175.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 175.

176.    Paragraph 176 states legal conclusions and definitional allegations to which no response is necessary.  To the extent any response to the allegations in Paragraph 176 is necessary, Defendants deny them.

177.    Paragraph 177 states legal conclusions and definitional allegations to which no response is necessary.  To the extent any response to the allegations in Paragraph 177 is necessary, Defendants deny them.

178.    Paragraph 178 states legal conclusions and definitional allegations to which no response is necessary.  To the extent any response to the allegations in Paragraph 178 is necessary, Defendants deny them.

179.    Paragraph 179 states legal conclusions to which no response is necessary.  To the extent any response to the allegations in Paragraph 179 is necessary, Defendants deny them.

180.    Paragraph 180 states legal conclusions to which no response is necessary.  To the extent any response to the allegations in Paragraph 180 is necessary, Defendants deny them.

181.    Paragraph 181 states legal conclusions to which no response is necessary.  To the extent any response to the allegations in Paragraph 181 is necessary, Defendants deny them.

182.    Paragraph 182 states legal conclusions to which no response is necessary.  To the extent any response to the allegations in Paragraph 182 is necessary, Defendants deny them.

183.    Paragraph 183 states legal conclusions to which no response is necessary.  To the extent any response to the allegations in Paragraph 183 is necessary, Defendants deny them.

184.    Paragraph 184 states legal conclusions to which no response is necessary.  To the extent any response to the allegations in Paragraph 184 is necessary, Defendants deny them.

185.    Paragraph 185 states legal conclusions to which no response is necessary.  To the extent any response to the allegations in Paragraph 185 is necessary, Defendants deny them.

186.    Paragraph 186 states legal conclusions to which no response is necessary.  To the extent any response to the allegations in Paragraph 186 is necessary, Defendants deny them.

187.    Paragraph 187 states legal conclusions to which no response is necessary.  To the extent any response to the allegations in Paragraph 187 is necessary, Defendants deny them.

Farella Braun + Martel LLP

DEFENDANTS' ANSWER TO THE CONSOLIDATED CLASS ACTION COMPLAINT – 20-cv-01626-JD

188.   Paragraph 188 states legal conclusions to which no response is necessary.  To the extent any response to the allegations in Paragraph 188 is necessary, Defendants deny them.

189.   Paragraph 189 states legal conclusions to which no response is necessary.  To the extent any response to the allegations in Paragraph 189 is necessary, Defendants deny them.

190.   Defendants incorporate by reference the responses contained herein.

191.   Paragraph 191 states legal conclusions to which no response is necessary.  To the extent any response to the allegations in Paragraph 191 is necessary, Defendants deny them, except admit that Robinhood Financial and Robinhood Securities are registered securities investment broker-dealers.

192.   Paragraph 192 states legal conclusions to which no response is necessary.  To the extent any response to the allegations in Paragraph 192 is necessary, Defendants deny them.

193.   Paragraph 193 states legal conclusions to which no response is necessary.  To the extent any response to the allegations in Paragraph 193 is necessary, Defendants deny them.

194.   Paragraph 194 states legal conclusions to which no response is necessary.  To the extent any response to the allegations in Paragraph 194 is necessary, Defendants deny them.

195.   Defendants incorporate by reference their answers to Paragraphs 1-189.

196.   Paragraph 196 states legal conclusions to which no response is necessary.  To the extent any response to the allegations in Paragraph 196 is necessary, Defendants deny them, except admit that Robinhood Financial and Robinhood Securities are registered securities investment broker-dealers.

197.   Paragraph 197 states legal conclusions to which no response is necessary.  To the extent any response to the allegations in Paragraph 197 is necessary, Defendants deny them.

198.   Paragraph 198 states legal conclusions to which no response is necessary.  To the extent any response to the allegations in Paragraph 198 is necessary, Defendants deny them.

199.   Paragraph 199 states legal conclusions to which no response is necessary.  To the extent any response to the allegations in Paragraph 199 is necessary, Defendants deny them.

200.   Defendants incorporate by reference the responses contained herein.

201.    Paragraph 201 states legal conclusions to which no response is necessary.  To the extent any response to the allegations in Paragraph 201 is necessary, Defendants deny them, except admit that Robinhood Financial and Robinhood Securities are registered securities investment broker-dealers, admit that Robinhood Financial accepts orders to buy and sell securities and execute options, admit that Robinhood Securities executes those orders, and admit that in limited circumstances Robinhood Financial closes positions or exercises options in accordance with the Customer Agreement.

202.    Deny the allegations in Paragraph 202, respectfully refer the Court to the Customer Agreement for its full and accurate contents and deny any allegation inconsistent therewith.

203.    Paragraph 203 states legal conclusions to which no response is necessary.  To the extent any response to the allegations in Paragraph 203 is necessary, Defendants deny them, except admit that Robinhood Financial customers can place securities trades through the Robinhood Trading Platform.

204.    Paragraph 204 states legal conclusions to which no response is necessary.  To the extent any response to the allegations in Paragraph 204 is necessary, Defendants deny them.

205.    Paragraph 205 states legal conclusions to which no response is necessary.  To the extent any response to the allegations in Paragraph 205 is necessary, Defendants deny them.

206.    Defendants incorporate by reference the responses contained herein.

207.    Deny the allegations in Paragraph 207, except admit that a potential customer must enter into the Customer Agreement with Robinhood, admit that Robinhood has amended the Customer Agreement on April 28, 2020, and on June 22, 2020, admit that Exhibit B was the Customer Agreement at the time of the March 2020 Outages, admit that Exhibit C is the April 28, 2020 Customer Agreement, admit that Exhibit D is the June 22, 2020 Customer Agreement, admit that Exhibit E is the Gold User Agreement, admit that Exhibit F is the Margin and Short Account Agreement, admit that Exhibit G is the Options Agreement, admit that Exhibit H is the Robinhood Terms & Conditions, admit that Exhibit I is Robinhood's Business Continuity Plan Summary, and respectfully refer the court to the Customer Agreements, Gold User Agreement, Margin and Short

Account Agreement, Options Agreement, Robinhood Terms & Conditions, and Robinhood's Business Continuity Plan summary for their full and accurate contents and deny any allegation inconsistent therewith.

208.     Paragraph 208 states legal conclusions to which no response is necessary.  To the extent any response to the allegations in Paragraph 208 is necessary, Defendants deny them.

209.     Paragraph 209 states legal conclusions to which no response is necessary.  To the extent any response to the allegations in Paragraph 209 is necessary, Defendants deny them.

210.     Paragraph 210 states legal conclusions to which no response is necessary. To the extent any response to the allegations in Paragraph 210 is necessary, Defendants deny them, respectfully refer the Court to the Customer Agreement for its full and accurate contents and deny any allegation inconsistent therewith.

211.     Paragraph 211 states legal conclusions to which no response is necessary.  To the extent any response to the allegations in Paragraph 211 is necessary, Defendants deny them.

212.     Paragraph 212 states legal conclusions to which no response is necessary.  To the extent any response to the allegations in Paragraph 212 is necessary, Defendants deny them, except admit that Plaintiffs and Class Members purport to seek specific performance of their contracts.

213.     Defendants incorporate by reference the responses contained herein.

214.     Deny knowledge or information sufficient to form a belief as to the truth of what "related contracts" Plaintiffs are parties to, and admit that Plaintiffs, Robinhood Financial and Robinhood Securities are parties to the Customer Agreement.

215.     Paragraph 215 states legal conclusions to which no response is necessary.  To the extent any response to the allegations in Paragraph 215 is necessary, Defendants deny them.

216.     Paragraph 216 states legal conclusions to which no response is necessary.  To the extent any response to the allegations in Paragraph 216 is necessary, Defendants deny them.

217.     Paragraph 217 states legal conclusions to which no response is necessary.  To the extent any response to the allegations in Paragraph 217 is necessary, Defendants deny them, except admit that Plaintiffs and Class Members purport to seek specific performance of their contracts.

218.     Defendants incorporate by reference their answers to Paragraphs 1-189.

219.   Paragraph 219 states legal conclusions to which no response is necessary.  To the extent any response to the allegations in Paragraph 219 is necessary, Defendants deny them.

220.   Paragraph 220 states legal conclusions and definitional allegations to which no response is necessary.  To the extent any response to the allegations in Paragraph 220 is necessary, Defendants deny them.

221.   Paragraph 221 states legal conclusions and definitional allegations to which no response is necessary.  To the extent any response to the allegations in Paragraph 221 is necessary, Defendants deny them.

222.   Paragraph 222 states legal conclusions to which no response is necessary.  To the extent any response to the allegations in Paragraph 222 is necessary, Defendants deny them.

223.   Paragraph 223 states legal conclusions to which no response is necessary.  To the extent any response to the allegations in Paragraph 223 is necessary, Defendants deny them.

224.   Paragraph 224 states legal conclusions to which no response is necessary.  To the extent any response to the allegations in Paragraph 224 is necessary, Defendants deny them.

225.   Paragraph 225 states legal conclusions to which no response is necessary.  To the extent any response to the allegations in Paragraph 225 is necessary, Defendants deny them.

226.   Paragraph 226 states legal conclusions to which no response is necessary.  To the extent any response to the allegations in Paragraph 226 is necessary, Defendants deny them.

227.   Defendants incorporate by reference their answers to Paragraphs 1-189.

228.   Paragraph 228 states legal conclusions to which no response is necessary.  To the extent any response to the allegations in Paragraph 228 is necessary, Defendants deny them.

229.   Paragraph 229 states legal conclusions to which no response is necessary.  To the extent any response to the allegations in Paragraph 229 is necessary, Defendants deny them.

230.   Paragraph 230 states legal conclusions to which no response is necessary.  To the extent any response to the allegations in Paragraph 230 is necessary, Defendants deny them, except admit that Plaintiffs and Class members purport to seek an order of the Court requiring refunds, disgorgement, and restitution and/or the establishment of a constructive trust.

231.   Defendants incorporate by reference their answers to Paragraphs 1-189.

232.   Paragraph 232 states legal conclusions to which no response is necessary.  To the extent any response to the allegations in Paragraph 232 is necessary, Defendants deny them.

233.   Paragraph 233 states legal conclusions to which no response is necessary.  To the extent any response to the allegations in Paragraph 233 is necessary, Defendants deny them.

234.   Paragraph 234 states legal conclusions to which no response is necessary.  To the extent any response to the allegations in Paragraph 234 is necessary, Defendants deny them.

235.   Paragraph 235 states legal conclusions to which no response is necessary.  To the extent any response to the allegations in Paragraph 235 is necessary, Defendants deny them.

### ANSWER TO PRAYER FOR RELIEF

Defendants deny that Plaintiffs, or any plaintiff class, are entitled to the relief requested or to any relief, and deny any and all other allegations of the Consolidated Class Action Complaint as specifically admitted above.

### ANSWER TO JURY DEMAND

Defendants admit that Plaintiffs demand a trial by jury.

### ADDITIONAL DEFENSES

As additional defenses, Defendants allege, assert, and state the following, which apply to each and every cause of action asserted in the Consolidated Class Action Complaint to which such defense may be applicable.  By virtue of alleging these further defenses, the Robinhood Defendants do not assume any burden proof, persuasion, or production not otherwise legally assigned to them.  Defendants also do not concede that facts contrary to one or more of the statements that follow would support liability as to any or all of them.  Defendants assert and expressly reserve all rights to assert any and all other defenses as appropriate, including as may be revealed during the course of discovery.  Use of the term "Plaintiffs" in the defenses refers to the Named Plaintiffs and to any member of the putative plaintiff class alleged in the Consolidated Class Action Complaint.

### FIRST DEFENSE

Plaintiffs fail to state any claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiffs' claims are barred in whole or in part by the doctrines of waiver, laches, and/or

1   estoppel.

2   **THIRD DEFENSE**

3   Plaintiffs' claims are barred in whole or in part by Robinhood's Customer Agreement.

4   **FOURTH DEFENSE**

5   Defendants are not liable because they exercised due care and behaved in a reasonable

6   manner.

7   **FIFTH DEFENSE**

8   Plaintiffs' claims are barred in whole or in part by the economic loss rule.

9   **SIXTH DEFENSE**

10   Defendants are not liable for breach of fiduciary duty because they do not act as a fiduciary

11   for their customers.

12   **SEVENTH DEFENSE**

13   Plaintiffs' breach of contract and breach of the implied covenant of good faith and fair

14   dealing claims fail because Defendants did not breach any provision in the Customer Agreement or

15   any other contract with Plaintiffs.

16   **EIGHTH DEFENSE**

17   Plaintiffs' UCL claims are barred because Plaintiffs do not lack adequate remedies at law.

18   **NINTH DEFENSE**

19   Plaintiffs' unjust enrichment claims are foreclosed by the existence of the Customer

20   Agreement.

21   **TENTH DEFENSE**

22   Plaintiffs are not entitled to declaratory and injunctive relief because they have not and

23   cannot demonstrate a real and immediate threat of repeated injury.

24   **ELEVENTH DEFENSE**

25   Plaintiffs' claims are barred in whole or in part because they did not suffer any injury or

26   compensable damages.

27   **TWELFTH DEFENSE**

28   Plaintiffs' claims are barred in whole or in part because they failed to mitigate damages.

1      **THIRTEENTH DEFENSE**

2      Plaintiffs' claims on behalf of a putative class are barred in whole or in part because the

3 applicable requirements of Federal Rule of Civil Procedure 23 are not satisfied.

4                    \*       \*       \*

5      WHEREFORE, the Robinhood Defendants respectfully request judgment dismissing the

6 Consolidated Class Action Complaint in its entirety and awarding costs and attorneys' fees, together

7 with such other and further relief as the Court deems just and proper.

8

9

10 Dated: March 19, 2021           FARELLA BRAUN + MARTEL LLP

11

12                         By:    _____

                                 C. Brandon Wisoff

13

14                        Attorneys for Defendants
                       ROBINHOOD FINANCIAL LLC;
                       ROBINHOOD SECURITIES, LLC

15

16                  **DEMAND FOR JURY TRIAL**

17      PLEASE TAKE NOTICE that Robinhood hereby demands a trial by jury.

18

19 Dated: March 19, 2021           FARELLA BRAUN + MARTEL LLP

20

21                         By:    _____

22                                    C. Brandon Wisoff

23                        Attorneys for Defendants
                       ROBINHOOD FINANCIAL LLC;

24                        ROBINHOOD SECURITIES, LLC

25

26

27

28