C. Brandon Wisoff (State Bar No. 121930)
bwisoff@fbm.com
Russell Taylor (State Bar No. 320375)
rtaylor@fbm.com
Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
Telephone: (415) 954-4400
Facsimile: (415) 954-4480

Maeve L. O'Connor (appearance pro hac vice)
Elliot Greenfield (appearance pro hac vice)
Brandon Fetzer (appearance pro hac vice)
Debevoise & Plimpton LLP
919 Third Avenue
New York, New York 10022
Telephone: (212) 909-6000
Email: mloconnor@debevoise.com
Email: egreenfield@debevoise.com
Email: bfetzer@debevoise.com

Attorneys for Defendants
ROBINHOOD FINANCIAL LLC;
ROBINHOOD SECURITIES, LLC;
ROBINHOOD MARKETS, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE ROBINHOOD OUTAGE LITIGATION | Master File 3:20-cv-01626-JD<br><br>**ROBINHOOD'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF JOHANSSON DECLARATION IN SUPPORT OF ROBINHOOD'S MOTION TO RETAIN CONFIDENTIALITY**<br><br>Judge: Hon James Donato<br>Ctrm: 11, 19th Floor |

Defendants Robinhood Financial LLC, Robinhood Securities, LLC, and Robinhood Markets, Inc. (collectively, "Robinhood") move under Civil L.R. 79-5 to file under seal portions of the Declaration of Jesper Johansson in support of Robinhood's Motion to Retain Confidentiality.

## ARGUMENT

Records attached to motions that are only "tangentially related to the merits of a case" are "not subject to the strong presumption of access." *Lathrop v. Uber Techs., Inc.*, No. 14-CV-05678, 2016 WL 9185002, at *1 (N.D. Cal. June 17, 2016) (quoting *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016)). Thus, a party need only make a showing under the good cause standard of Rule 26(c) to justify the sealing of the materials. *Id.*

Courts routinely find good cause to seal records when making the documents available to the public would present security risks. *See, e.g.*, *Lathrop*, 2016 WL 9185002, at *4 (finding that Uber met its burden to show that the requested information should be sealed where Uber argued "that revelation of the information could cause significant competitive harm to Uber and increase security risk to Uber's databases and systems"); *Grace v. Apple, Inc.*, No. 17-CV-00551, 2018 WL 11319052, at *2 (N.D. Cal. May 1, 2018) (granting Apple's motion to seal "information related to Apple's internal, technical business processes and practices" because disclosure of the information "could make it easier to compromise the security of Apple's products, potentially placing Apple users at risk and threatening Apple's competitive standing").

As explained in the Declaration of Jesper Johansson In Support of Robinhood's Motion to Retain Confidentiality ("Johansson Declaration"), portions of the transcripts quoted therein provide valuable insight into how Robinhood develops and maintains critical infrastructure and Robinhood's threat modeling. Johansson Decl. ¶¶ 3-7. Revealing information about Robinhood's systems and threat modeling in the public record would impair the measures Robinhood uses to prevent cybersecurity attacks. *Id.* Accordingly, Robinhood has "good cause" to keep the identified portions of the transcripts out of the public record.

1

## **CONCLUSION**

2

Robinhood respectfully requests that the Court grant its request to seal the documents as

3 follows:

4

5

| Document | Portion | Reason for Sealing |
|---|---|---|
| Declaration of Jesper Johansson In Support of Robinhood's Motion to Retain Confidentiality | Underlined text & ¶¶ 5, 7 | The underlined text reveals sensitive information that could prove useful in the planning of a cyber attack and paragraphs 5 and 7 reflect the substance of the underlined text.  The public disclosure of the information would provide valuable insight into how Robinhood develops and maintains critical infrastructure, placing the company at risk of future cyber incidents.  Johansson Decl. ¶¶ 5, 7. |

6

7

8

9

10

11

12 DATED:  September 21, 2021

**FARELLA BRAUN + MARTEL LLP**

13

*/s/ C. Brandon Wisoff*
C. Brandon Wisoff

14

15 C. Brandon Wisoff (State Bar No. 121930)
235 Montgomery Street, 17th Floor
16 San Francisco, California 94104
Telephone: (415) 954-4400
17 Facsimile: (415) 954-4480
*bwisoff@fbm.com*

18

19 Dated:  September 21, 2021

**DEBEVOISE & PLIMPTON LLP**

20

*/s/ Maeve O'Connor*

21

22 Maeve O'Connor
Elliott Greenfield
Brandon Fetzer
23 919 Third Avenue
New York, New York  10022
24 Telephone: (212) 909-6000
Facsimile: (212) 909-6836
25 mloconnor@debevoise.com
egreenfield@debevoise.com
26 bfetzer@debevoise.com

27 *Attorneys for Defendants Robinhood Financial LLC,*
*Robinhood Securities, LLC and Robinhood Markets, Inc.*

28

3

1

## ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)

I, C. Brandon Wisoff, attest that concurrence in the filing of this document has been obtained from the other signatories.  I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 21st day of September 2021, at San Francisco, California.

/s/ C. Brandon Wisoff
C. Brandon Wisoff