C. Brandon Wisoff (State Bar No. 121930)
bwisoff@fbm.com
Russell Taylor (State Bar No. 320375)
rtaylor@fbm.com
Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
Telephone: (415) 954-4400
Facsimile: (415) 954-4480

Maeve L. O'Connor (appearance pro hac vice)
Elliot Greenfield (appearance pro hac vice)
Brandon Fetzer (appearance pro hac vice)
Debevoise & Plimpton LLP
919 Third Avenue
New York, New York 10022
Telephone: 212.909.6000
Email: mloconnor@debevoise.com
Email: egreenfield@debevoise.com
Email: bfetzer@debevoise.com

Attorneys for Defendants
ROBINHOOD MARKETS, INC.;
ROBINHOOD FINANCIAL LLC;
ROBINHOOD SECURITIES, LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE ROBINHOOD OUTAGE LITIGATION | Case No. 3:20-cv-01626-JD<br><br>**NOTICE OF MOTION AND MOTION TO RETAIN CONFIDENTIALITY**<br><br>Date: October 28, 2021<br>Time: 10:00 a.m.<br>Judge: Hon. James Donato<br>Ctrm: 11, 19th Floor |

## NOTICE OF MOTION

PLEASE TAKE NOTICE that on October 28, 2021, at 10:00 a.m., or as soon as this matter may be heard, in Courtroom 11 of the United States Courthouse, 450 Golden Gate Avenue, San Francisco, California, before the Honorable James Donato, United States District Judge, Defendants Robinhood Financial LLC, Robinhood Markets, Inc., and Robinhood Securities, LLC (collectively, "Robinhood" or "Defendants") move the Court, pursuant to Civil Local Rule 7, for an order retaining the confidentiality designations for testimony within two deposition transcripts pursuant to the Stipulated Protective Order ("Protective Order") in this action. (Dkt. No. 90.) This motion is based on the accompanying Memorandum of Points and Authorities, the Declaration of Jesper Johansson, all papers and pleadings on file in this action, and such other evidence and argument as may be presented at or before any hearing on this motion.

## STATEMENT OF RELIEF SOUGHT

Pursuant to Local Civil Rule 7 and paragraph 6.3 of the Protective Order, Robinhood hereby moves to maintain the confidential treatment of certain deposition testimony obtained during the discovery phrase of this case.

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendants submit this memorandum in support of their motion to retain confidentiality pursuant to Civil Local Rule 7 and paragraph 6.3 of the Protective Order.

## STATEMENT OF FACTS

On August 12, 2021, Plaintiffs challenged the confidentiality designations Robinhood applied to 323 documents and all of the deposition testimony provided by current and former Robinhood employees. (Fetzer Decl. ¶ 2.)[1] Robinhood diligently reviewed the documents, clarified that some of the documents had never been designated confidential, and dedesignated many documents from this initial list. (*Id.* ¶ 3.) After a meet and confer on August 31, 2021, during which Robinhood explained that one of the primary reasons that the documents and testimony had been designated confidential was to protect information that would hamper Robinhood's ability to fight off cybersecurity threats, Plaintiffs withdrew their challenges, subject to renewal. (*Id.* ¶ 5.) On September 2, Plaintiffs reasserted challenges to 75 documents and certain portions of the deposition transcripts. (*Id.* ¶ 6.) Robinhood reviewed the challenged documents and revised many of the confidentiality designations, including by providing marked-up versions of the documents that contained both confidential and non-confidential material. (*Id.*) After a series of additional meet and confers, Plaintiffs withdrew their challenges except for a few lines of deposition testimony from Denali Lumma's and Nick Dellamaggiore's depositions relating to Robinhood's technical infrastructure and threat modeling. (*Id.* ¶¶ 7-12.) Lumma is Robinhood's former Director of Engineering and Dellamaggiore is a Staff Software Engineer. The challenged testimony is excerpted in the Declaration of Jesper Johansson, Robinhood's Head of Cyber Risk and Compliance, filed concurrently partially under seal.

---

[1] References to "Fetzer Decl." refer to the Declaration of Brandon Fetzer in Support of the Motion to Retain Confidentiality.

3

DEFENDANTS' MOTION TO RETAIN CONFIDENTIALITY – 20-cv-01626-JD

Farella Braun + Martel LLP

# ARGUMENT

Courts engage in a two-part analysis to determine whether confidentiality designations are proper and should be maintained.  First, courts consider "whether particularized harm will result from [the] disclosure of information to the public" when the confidentiality of information produced under a protective order is challenged.  *Avaya Inc. v. Pearce,* No. 19-cv-00565, 2020 WL 8513514, at *1 (N.D. Cal. Dec. 22, 2020) (internal quotation marks and citation omitted).  Second, courts "'balance the public and private interests to decide whether maintaining a protective order is necessary.'"  *Id.* (quoting *In re Roman Catholic Archbishop of Portland in Or.,* 661 F.3d 417, 424 (9th Cir. 2011)).  The Ninth Circuit has incorporated the Third Circuit's non-exhaustive factors for evaluating the public and private interests at issue, including:

> (1) whether disclosure will violate any privacy interests; (2) whether the information is being sought for a legitimate purpose or for an improper purpose; (3) whether disclosure of the information will cause a party embarrassment; (4) whether confidentiality is being sought over information important to public health and safety; (5) whether the sharing of information among litigants will promote fairness and efficiency; (6) whether a party benefitting from the order of confidentiality is a public entity or official; and (7) whether the case involves issues important to the public.

*In re Roman Catholic Archbishop*, 661 F.3d at 424 n.5 (quoting *Glenmede Tr. Co. v. Thompson,* 56 F.3d 476, 483 (3d Cir. 1995)).

## I.   Cybersecurity Needs Constitute Good Cause to Retain Confidentiality

Tangible concerns about potential cyber attacks constitute good cause to protect information from public disclosure.  *See, e.g.*, *In re Yahoo! Inc. Customer Data Sec. Breach Litig.*, No. 16-MD-02752, 2018 WL 9651897, at *3 (N.D. Cal. Jan. 3, 2018) (granting plaintiffs' request to seal documents under the stricter "compelling reasons" standard because disclosure of information about company's technology could encourage another breach); *In re Google Inc. Gmail Litig.*, No. 13-MD-02430, 2013 WL 5366963, at *3 (N.D. Cal. Sept. 25, 2013) (same).

Courts have recognized these concerns are implicated when the information at issue provides visibility into a company's specific technology and security systems. *See, e.g.*, *Music Grp. Macao Com. Offshore Ltd. v. Foote*, No. 14-cv-03078, 2015 WL 3993147, at *6 (N.D. Cal. June 30, 2015) (granting motion to seal documents that discussed plaintiff's network infrastructure and security systems); *Lathrop v. Uber Techs., Inc.*, No. 14-CV-05678, 2016 WL 9185002, at *4 (N.D. Cal. June 17, 2016) (finding that Uber met its burden to show that the requested information should be sealed where Uber argued "that revelation of the information could cause significant competitive harm to Uber and increase security risk to Uber's databases and systems"); *Grace v. Apple, Inc.*, No. 17-CV-00551, 2018 WL 11319052, at *2 (N.D. Cal. May 1, 2018) (finding good cause to seal "information related to Apple's internal, technical business processes and practices" because disclosure of the information "could make it easier to compromise the security of Apple's products, potentially placing Apple users at risk and threatening Apple's competitive standing").

Robinhood properly designated the deposition testimony at issue as confidential because public disclosure of the information would impair the measures Robinhood uses to prevent cybersecurity attacks. As explained in greater detail in the Johansson Declaration, Robinhood generally does not disclose the way its systems are architected or how it models and responds to cybersecurity threats. The public disclosure of the challenged parts of Lumma's and Dellamaggiore's testimony would provide valuable insight into how Robinhood develops and maintains critical infrastructure, placing the company at risk of future cyber incidents.

## II. Public and Private Interests Favor Retaining Confidentiality

Disclosing this testimony would not be in the interest of the public good. This case involves a dispute with a private company offering a service to its customers; not, for example, issues "related to public health and safety or of governmental functions or public administration." *Muench Photography, Inc. v. Pearson Ed., Inc.*, No. 12-cv-01927, 2013 WL 4475900, at *5 (N.D.

Cal. Aug. 15, 2013). Indeed, by making the testimony public, and thus accessible by bad actors, Robinhood places customer information and data at risk. The disclosure of this information would make Robinhood more vulnerable to adverse parties, including cyber attackers, which poses risks to the company and its customers, while providing no obvious benefit to the public or Robinhood's current and future customers.

## CONCLUSION

Robinhood respectfully requests that the Court grant its motion to retain confidentiality over the deposition testimony.

Dated: September 21, 2021        FARELLA BRAUN + MARTEL LLP

By: */s/ C. Brandon Wisoff*
    C. Brandon Wisoff

Attorneys for Defendants
ROBINHOOD MARKETS, INC.;
ROBINHOOD FINANCIAL LLC;
ROBINHOOD SECURITIES, LLC