UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re: Robinhood Outage Litigation | Master File No. 3:20-cv-01626-JD<br><br>CLASS ACTION<br><br>**ORDER RE PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |

At the Court's direction, the parties revised in several respects the proposed class settlement and application for preliminary approval. *See* Dkt. No. 183. The revisions have addressed the Court's concerns about notice, administrative fees, the related state court case, and other issues. Consequently, preliminary approval is granted on the ensuing terms. This order is based on a proposed order lodged by plaintiffs, and modified to conform to the Court's practice. The parties are advised to read it from start to finish to ensure that they understand the modifications.

1. As used herein, "Plaintiffs" are Daniel Beckman, Joseph Gwaltney, Emma Jones, Leila Kuri, Jared Leith, Omeed Mahrouyan, Mahdi Heidari Moghadam, Howard Morey, Colin Prendergast, Raghu Rao, Michael Riggs, Kevin Russell, Jason Steinberg, Jared Ward and Mengni Xia. "Robinhood" and "Defendants" are Stanley Withouski, and Robinhood Markets, Inc., Robinhood Financial LLC and Robinhood Securities, LLC. Both sides are collectively the "Parties."

1

2. The Court preliminarily approves the revised Settlement Agreement and the Settlement as sufficiently fair, reasonable, and adequate to allow dissemination of the Long Form Notice to the members of the Settlement Class under Rule 23(e) of the Federal Rules of Civil Procedure ("Rule 23"), subject to further consideration at the Fairness Hearing. This determination is not a final finding that the Settlement Agreement is fair, reasonable and adequate.

3. The Court appoints Daniel Beckman, Emma Jones, Mahdi Heidari Moghadam, Howard Morey, Colin Prendergast, Raghu Rao, Michael Riggs, and Jason Steinberg as Class Representatives for purposes of this Settlement.

4. The Court appoints the law firm of Cotchett, Pitre & McCarthy, LLP and Kaplan Fox & Kilsheimer LLP as Co-Lead Class Counsel for purposes of this Settlement. Solely for the purposes of effectuating the Settlement, Class Counsel are authorized to act on behalf of the Class Representatives, and all other Settlement Class Members with respect to all acts or consents required by or that may be given pursuant to the Settlement Agreement, including all acts that are reasonably necessary to consummate the Settlement, subject to final approval by the Court of the Settlement.

5. Pursuant to Rule 23, the Court conditionally certifies the following Class for purposes of the Settlement only:

> All Robinhood accountholders in the United States who: (i) closed a position on March 3, 2020, at a loss relative to the Volume Weighted Average Price ("VWAP") during the March 2 and 3, 2020 Outages; (ii) held SPDR S&P 500 options expiring on March 2, 2020 and experienced a loss relative to the VWAP during the March 2, 2020 Outage; (iii) who experienced a Failed Equity Trade during the March 2 and 3 Outages at a loss relative to the price at the end of the March 2 and 3 Outages and/or the transaction price obtained through March 4, 2020; or (iv) who experienced a Failed Equity Trade during the March 9 Outage at a loss relative to the price at the end of the March 9 Outage and/or the transaction price obtained through March 10, 2020. Excluded from the Settlement Class are Defendants and their legal representatives, heirs, successors or assigns. Also excluded from the Settlement Class are Persons who have entered into settlement agreements with Robinhood, outside of the Goodwill Program, that include a release of claims related to the Outages.

6. The prerequisites to certifying a settlement class under Rule 23(a) are satisfied in that:

2

      a. There are approximately 156,659 Settlement Class Members, making joinder of all members impracticable;

      b. There are questions of law or fact common to the Settlement Class;

      c. The claims or defenses of the Class Representatives are typical of the claims or defenses for the Class Members; and

      d. The Class Representatives and Class Counsel will fairly and adequately protect the interests of the Class Members.

7. For purposes of effectuating the proposed Settlement only, the Court finds, pursuant to Rule 23(e)(1), that the prerequisites for class certification under Federal Rule of Civil Procedure 23(b)(3) are likely to be found satisfied as:  the questions of law or fact common to the Settlement Class predominate over individual questions and class action litigation is superior to other available methods for the fair and efficient adjudication of this controversy.

8. The Court retains exclusive jurisdiction over this action to consider all further matters arising out of or connected with the Settlement.

9. All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis*, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Settlement Agreement and/or further order(s) of the Court.

## Administration and Notice to the Settlement Class

10. The Court appoints Epiq Class Action and Claims Solutions, Inc. to serve as the Settlement Administrator.  The Settlement Administrator shall supervise and administer the notice procedures, establish and operate the Settlement Website, distribute cash payments according to the processes and criteria set forth in the Settlement Agreement, and perform any other duties that are reasonably necessary and/or provided for in the Settlement Agreement.

11. All reasonable costs of notice and costs of administering the Settlement that are approved by the Court shall be paid from the Settlement Fund as contemplated by Section 3.4 of the Settlement Agreement.

12.     The Court approves the form and content of the proposed Long Form Notice attached to the Settlement Agreement as Exhibit 1, and the Summary Postcard Notice provided by the Plaintiffs, and finds that its dissemination substantially in the manner and form set forth in the Settlement Agreement meets the requirements of Federal Rule of Civil Procedure 23 and due process, constitutes the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all Persons entitled thereto of the pendency of the Action, the effect of the proposed Settlement (including the releases contained therein), the anticipated Motion for Attorneys' Fees and Expenses and Service Awards, the proposed Plan of Allocation, and Class Members' rights to participate in, opt out of, or object to any aspect of the proposed Settlement.

13.     The Court has reviewed the proposed Plan of Allocation and approves its inclusion in the Long Form Notice.

14.     Pursuant to Section 4 of the Settlement Agreement, the Settlement Administrator shall complete dissemination of the Notice on or before the Notice Date, defined in the Settlement Agreement as 90 calendar days from the entry of this Preliminary Approval Order.  On or before the Notice Date, the Settlement Administrator shall complete the distribution of the Long Form Notice (via email and mail), complete Notice by publication in a digital campaign, establish the Settlement Website which shall contain relevant documents relating to the settlement such as the Long Form Notice, and other relevant documents (such as the Spanish translation of the Long Form Notice, the operative complaint filed in the Action, the Settlement Agreement, the Preliminary Approval Order, any application for Attorneys' Fees and Expenses and Service Awards, any briefs filed by Plaintiffs and Defendants in support of the Settlement, and the Final Approval Order and Judgment).

**Participation in the Settlement, Requests for Exclusion and Objections**

15.     Settlement Class Members who wish to object to the Settlement should provide: (1) the objector's name, address, and email address; (2) a short statement of the reason for the objection; (3) the name and contact information of any attorneys representing, advising, or assisting the objector; and (4) a statement indicating whether the objector intends to appear at the Fairness Hearing (either personally or through counsel).  Each objection must: (a) be in writing

and signed by the objector; (b) clearly identify the case name and number (i.e., "*In re Robinhood Outage Litigation*, No. 3:20-cv-01626-JD"); (c) be mailed to the Court (or filed with the Court in person) at the following address, and (d) filed or postmarked on or before the Objection and Exclusion Deadline of May 1, 2023.

| Court |
|---|
| Class Action Clerk |
| United States District Court for the Northern District of California |
| 450 Golden Gate Avenue |
| San Francisco, CA 94012 |

16.     Any member of the Settlement Class who does not submit a valid and timely written objection in accordance with these procedures and the procedures detailed in the Settlement Agreement Section 5.1 shall be deemed to have waived any objection and shall forever be foreclosed from making any objection to the fairness, adequacy or reasonableness of the proposed Settlement, this Order and the Final Approval Order and Judgment to be entered approving the Settlement, any Fee and Expense Award and/or any Service Awards.

17.     Any putative member of the Settlement Class who seeks to be excluded from the Settlement Class must submit a Request for Exclusion and include:  (1) the requestor's name, address and email address; (2) the requestor's signature; (3) the name and number of this Action (i.e., "*In re Robinhood Outage Litigation*, No. 3:20-cv-01626-JD"); and (4) a statement that the requestor wishes to be excluded from the Settlement Class for purposes of this Settlement.  Each Request for Exclusion can only request exclusion for that one Person.  The Request for Exclusion must be (a) in writing and signed with the requestor's signature in writing or via DocuSign or equivalent verified electronic method, (b) mailed to the Settlement Administrator at the address in the notice to the class, and (c) postmarked on or before the Objection and Exclusion Deadline. Any Settlement Class Member who does not submit a valid and timely Request for Exclusion shall

be bound by the terms of the Settlement Agreement upon entry of the Final Approval Order and Judgment.

### **Fairness Hearing**

18. The Fairness Hearing shall be held by the Court on June 15, 2023, at 10:00 a.m., in Courtroom 11, 19th Floor, of the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102.

19. At or after the Fairness Hearing, the Court will determine whether: (1) the requirements for certification of the Settlement Class have been met; (2) the proposed Settlement of the Action on the terms set forth in the Settlement should be approved as fair, reasonable, adequate, and in the best interests of the Settlement Class Members; (3) Class Counsel's Motion for Attorneys' Fees and Expenses and Service Awards should be approved; (4) the Plan of Allocation should be approved; (5) the Settlement Administrator's fees and costs are reasonable and should be paid; and (6) Final Approval Order and Judgment approving the Settlement and dismissing the Action on the merits with prejudice should be entered. The Court may enter the Order and Final Approval Order and Judgment approving the Settlement regardless of whether it has approved the Plan or Allocation or awarded Attorneys' Fees and Expenses or Service Awards.

20. The Court may continue or adjourn the Fairness Hearing without further notice to the Settlement Class Members. The Court may approve the Settlement, with such modifications as may be agreed to by Plaintiffs and Defendants, if appropriate, without further notice to Settlement Class Members.

21. On or before sixty (60) days after the Notice Date, Settlement Class Members shall submit any Objections or Requests or Exclusion, in accordance with paragraphs 15 and 17 of this Order (the "Objection and Exclusion Deadline").

22. On or before thirty-five (35) days prior to the Objection and Exclusion Deadline, Class Counsel shall file all papers in support of the Motion for Final Approval of the Settlement, Motion for Approval of the Plan of Allocation, and/or Motion for Attorneys' Fees and Expenses and Service Awards.

23. On or before thirty (30) days after the Objection and Exclusion Deadline, Class Counsel shall file responses to any objections to the Motion for Final Approval of the Settlement, Motion for Approval of the Plan of Allocation, and/or Motion for Attorneys' Fees and Expenses and Service Awards.

24. Objections by any Settlement Class Member to the Motion for Final Approval of the Settlement, Motion for Approval of the Plan of Allocation, and/or Motion for Attorneys' Fees and Expenses and Service Awards shall be considered by the Court at the Fairness Hearing if such Settlement Class Member files with the Court a notice of his or her objections in accordance with paragraph 15 of this Order and states the basis for such objections, by the Objection and Exclusion Deadline, or as otherwise permitted by the Court.

25. The following timeline summarizes the deadlines set by the Court:

| Event | Deadline |
| --- | --- |
| Settlement Administrator to complete Notice Plan ("Notice Date") | Ninety (90) days after entry of the Preliminary Approval Order. |
| Deadline to submit Objections or Requests for Exclusion | Sixty (60) days after the Notice Date. |
| Deadline to file Motion for Final Approval of the Settlement, Motion for Approval of the Plan of Allocation, and Motion for Attorneys' Fees and Expenses and Service Awards | Thirty-Five (35) days prior to the Objection and Exclusion Deadline. |
| Deadline to respond to Objections to the Motion for Final Approval of the Settlement, Motion for Approval of the Plan of Allocation, and Motion for Attorneys' Fees and Expenses and Service Awards | Thirty (30) days following the Objection and Exclusion Deadline. |
| Fairness Hearing | June 15, 2023. |

26. The Released Parties shall have no responsibility for the Plan of Allocation, any Motion for Attorneys' Fees and Expenses submitted by Class Counsel, and any application for Service Awards, and such matters will be considered by the Court separately from the fairness, reasonableness, and adequacy of the Settlement.  Any appeal from any order or judgment relating solely to Class Counsel's Motion for Attorneys' Fees and Expenses and Service Awards or Motion for Approval of the Plan of Allocation, or any reversal or modification of any such order or judgment, shall not operate to terminate, vacate, or cancel the Settlement.

27. All proceedings and deadlines in this matter, except those necessary to implement this Order and the Settlement, are vacated pending further order of the Court.

28. Neither this Order nor the Settlement Agreement, nor any of their respective terms or provisions, nor any of the negotiations, discussions, proceedings connected with them, nor any act performed or document executed pursuant to or in furtherance of the Settlement Agreement, the Settlement or this Order may be construed as an admission or concession by the Defendants or any other Released Parties of the truth of any of the allegations in the Action, or of any liability, fault, or wrongdoing of any kind, or offered or received in evidence, or otherwise used by any person in the Action, or in any other action or proceeding, whether civil, criminal, or administrative, in any court, administrative agency, or other tribunal, except in connection with any proceeding to enforce the terms of the Settlement Agreement or this Order.  The Released Parties, Plaintiffs, Settlement Class Members, and each of their counsel may file the Settlement Agreement, this Order and/or the Final Approval Order and Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

29. If the Court conditions its approval of either the Preliminary Approval Order, the Final Approval Order and Judgment on any modifications of the Settlement Agreement that are not acceptable to all Parties, or if the Court does not approve the Settlement or enter the Final Approval Order and Judgment, or if the Settlement fails to become effective as defined in the Settlement Agreement or is terminated, then, in any such event, the Settlement Agreement,

including any amendment(s) thereof, except as expressly provided in the Settlement Agreement, and this Order shall be null and void, of no further force or effect, and without prejudice to any Party, and may not be introduced as evidence or used in any actions or proceedings by any person or entity against the Parties, and the Parties shall be deemed to have reverted to their respective litigation positions as of May 26, 2022.

**IT IS SO ORDERED.**

Dated:  December 2, 2022

_____
JAMES DONATO
United States District Judge