**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In Re: Robinhood Outage Litigation | Master File No. 3:20-cv-01626-JD<br><br>**ORDER RE FINAL APPROVAL** |

The Court granted preliminary settlement approval and certified a settlement class in December 2022. Dkt. No. 186. This order grants final settlement approval and is based on a draft lodged by the parties and modified in accordance with the Court's practices. The Court will issue a separate judgment and a separate order regarding attorneys' fees.

1. This order incorporates by reference the definitions in the Settlement Agreement, and all terms shall have the same meanings as set forth in the Settlement Agreement, unless stated otherwise.

2. The Court has jurisdiction over the subject matter of the case, and personal jurisdiction over Class Representatives, the Settlement Class Members, and Defendants.

3. The Court finds that the Long Form Notice and the Notice Plan, including a combination email and physical mail to Settlement Class Members based on Robinhood's records, a social media campaign, and a dedicated website, was implemented in accordance with the Preliminary Approval Order and (a) constituted the best practicable notice under the circumstances; (b) constituted notice that is appropriate, in a manner, content, and format reasonably calculated, under the circumstances, to apprise the Settlement Class of the pendency of the Action and the effect of the Settlement (including the releases contained therein); their right to object to any aspect of the Settlement, the Plan of Allocation, and/or Class Counsel's Motion for Attorneys' Fees and Expenses and Service Awards; their right to exclude themselves from the Settlement Class; and their right to appear at the Fairness Hearing; (c) was reasonable and constituted due, adequate, and sufficient notice to all Persons entitled to receive notice; and (d) met all applicable requirements of the Federal Rules of Civil Procedure, the Due Process Clause of the United States Constitution, and the rules of the Court. These combined efforts directly reached approximately 99% of the identified Settlement Class members. *See* Azari Supp. Decl. ¶ 14.

4. The Court finds that, for purposes of the Settlement only, all prerequisites for maintenance of a class action set forth in Federal Rules of Civil Procedure 23(a) and (b)(3) are satisfied. The Court certifies the following Settlement Class for purposes of Settlement only:

> All Robinhood accountholders in the United States who: (i) closed a position on March 3, 2020, at a loss relative to the Volume Weighted Average Price ("VWAP") during the March 2 and 3, 2020 Outages; (ii) held SPDR S&P 500 options expiring

on March 2, 2020 and experienced a loss relative to the VWAP during the March 2, 2020 Outage; (iii) who experienced a Failed Equity Trade during the March 2 and 3 Outages at a loss relative to the price at the end of the March 2 and 3 Outages and/or the transaction price obtained through March 4, 2020; or (iv) who experienced a Failed Equity Trade during the March 9 Outage at a loss relative to the price at the end of the March 9 Outage and/or the transaction price obtained through March 10, 2020.  Excluded from the Settlement Class are Defendants and their legal representatives, heirs, successors or assigns.  Also excluded from the Settlement Class are Persons who have entered into settlement agreements with Robinhood, outside of the Goodwill Program, that include a release of claims related to the Outages.

5.     Plaintiffs Daniel Beckman, Emma Jones, Mahdi Heidari Moghadam, Howard Morey, Colin Prendergast, Raghu Rao, Michael Riggs, and Jason Steinberg ("Class Representatives") have adequately represented the Settlement Class and are appointed as representatives for the Settlement Class for purposes of Federal Rule of Civil Procedure 23.

6.     Anne Marie Murphy of Cotchett, Pitre, & McCarthy LLP and Matthew B. George of Kaplan Fox & Kilsheimer LLP have adequately represented the Settlement Class and are appointed as counsel for the Settlement Class pursuant to Federal Rule of Civil Procedure 23.

7.     Pursuant to Federal Rule of Civil Procedure 23(e)(2), the Court grants final approval of the Settlement set forth in the Settlement Agreement as fair, reasonable, and adequate and in the best interests of the Settlement Class Members.

a.     **Adequate Representation (F.R.C.P. 23(e)(2)(A))**.  The Class Representatives and Class Counsel have adequately represented the class, without conflicts, and including active participation in investigation, pleadings, motion practice, discovery and settlement negotiations.  In light of the completion of fact discovery and exchange of expert reports, and the record as a whole, Class Representatives and Class Counsel had a well-developed perspective on the strengths and weaknesses of their claims to make an informed decision about settlement.

b.     **Arms' Length Negotiation (F.R.C.P. 23(e)(2)(B))**.  The Court has not been presented with any evidence of fraud or collusion with respect to the class settlement, which was the result of arm's length negotiations over the course of approximately one year before a neutral mediator.

c.     **Adequate Settlement Relief (F.R.C.P. 23(e)(2)(C))**.  The relief provided for the Settlement Class Members is adequate, taking into account the complexity, costs, risk, and likely

duration of the litigation, including trial and appeal. The Settlement provides cash relief to Settlement Class Members. The non-reversionary $9.9 million fund falls within the range of reasonable recoveries by the Settlement Class Members.

        d.    **Equitable Treatment of Settlement Class Members (F.R.C.P. 23(e)(2)(D))**. Subject to the Court's adjustment of "service" awards to the named plaintiffs, the Settlement is fair, reasonable, and adequate, and provides equitable treatment to all Settlement Class Members. The Settlement Payments are calculated based on Settlement Class Members' trading activity and adjusted on a uniform *pro rata* basis.

8. The Court authorizes and directs implementation and performance of all the terms and provisions of the Settlement Agreement.

9. The Releases set forth in Section 7 of the Settlement Agreement are expressly incorporated herein in all respects. The Releases are effective as of the Effective Date.

10. Upon the Effective Date, the Releasing Parties shall be deemed to have, and by operation of this Final Approval Order shall have, fully, finally, and forever waived, released, relinquished, and discharged all Released Claims against the Released Parties (including Unknown Claims), and the Releasing Parties, and anyone claiming through or on behalf of any of them, shall forever be barred and enjoined from commencing, instituting, prosecuting, or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, or administrative forum, asserting any of the Released Claims against any of the Released Parties (including Unknown Claims), whether or not such Person shares in the Net Settlement Fund. The Releasing Parties and their successors, assigns, executors, administrators, representatives, attorneys, and agents in their capacity as such, are bound by this Order, including, without limitation, the release of claims as set forth in the Settlement Agreement. The Released Claims are hereby compromised, settled, released, discharged, and dismissed as against the Released Parties on the merits and with prejudice by virtue of the proceedings herein and this Final Approval Order. Claims to enforce the terms of the Settlement Agreement are not released.

11. Upon the Effective Date, the Released Parties shall be deemed to have, and by operation of the Final Approval Order shall have, fully, finally, and forever waived, released, relinquished, and

discharged all Released Defendants' Claims against the Releasing Parties (including Unknown Claims). Claims to enforce the terms of the Settlement Agreement are not released.

12. The Releasing Parties and their successors, assigns, executors, administrators, representatives, attorneys, and agents in their capacity as such, are bound by this Order, including, without limitation, the release of claims as set forth in the Settlement Agreement.

13. The individuals identified in Exhibit 1 attached hereto submitted timely and valid Requests for Exclusion, are not Settlement Class Members, are not releasing any claims, and are not bound by the terms of the Settlement Agreement or this Order. These individuals shall not share in the monetary benefits of the Settlement, and this Order does not release or in any way affect their legal rights to pursue any claims they may have against Defendants.

14. The response of the Settlement Class Members has been overwhelmingly positive. Only fourteen (14) Settlement Class Members opted-out and only two objections were filed. Neither objection is sustained.

15. The objection of Clem Bolton Holding Boney, Jr., Dkt. No. 189, does not warrant denial of the Settlement, it is overruled for the reasons stated at the hearing.

16. The objection of Ruiwen Pen, ("Pen Objection"), Dkt. No. 194, is overruled for the reasons stated at the hearing. The Court was subsequently advised that Pen has elected to accept participation in the settlement, Dkt. No. 200, which moots the objection.

17. The Settlement Class excludes Plaintiffs Gwaltney, Kuri, Leith, Mahrouyan, Russell, Ward, Xia, and Withouski and/or any Person who does not fall within the Settlement Class certified by the Court for settlement purposes. Plaintiffs Gwaltney, Kuri, Leith, Mahrouyan, Russell, Ward, Xia, and Withouski shall have the statutes of limitations on all claims that were or could have been asserted in this Action and/or the *Withouski* Action tolled from May 26, 2022, until the Effective Date.

18. Defendants have denied, and continue to deny, any and all allegations and claims asserted in the Action, and Defendants have represented that they entered into the Settlement because it would be beneficial to avoid the burden, inconvenience, and expense associated with continuing the Litigation and the uncertainty and risks inherent in any litigation. Neither this Final Approval Order, the Settlement Agreement, nor any of their respective terms and provisions, nor any of the negotiations,

discussions, or proceedings connected with them, nor any act performed or document executed pursuant to or in furtherance of the Settlement Agreement or the Settlement, nor any of the documents or statements referred to therein, nor any payment or consideration provided for therein, shall be: (a) offered or received against or to the prejudice of any Defendant as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by any Defendant of the truth of any allegations by Plaintiffs or any Settlement Class Members or the validity of any claim that has been or could have been asserted in the Action, or the deficiency of any defense that has been or could have been asserted in the Action or in any other litigation, including, but not limited to, litigation of the Released Claims, or of any liability, negligence, fault, or wrongdoing of any kind of any of the Defendants or in any way referred to for any other reason as against any of the Defendants, in any civil, criminal, or administrative action or proceeding; (b) offered or received against any Defendant as evidence of a presumption, concession, or admission of any liability, negligence, fault, or wrongdoing, or in any way referred to for any other reason as against any of the Parties, in any other civil, criminal, or administrative action or proceeding; provided, however, that the Parties may refer to it to effectuate the releases granted them hereunder; or (c) construed against Defendants, Class Representatives, or the Settlement Class as evidence of a presumption, concession or admission that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial or in any proceeding other than this Settlement.

19. The Released Parties may file the Settlement Agreement and/or this Final Approval Order in any action in order to support a defense, claim, or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

20. The Court finds that Defendants' financial obligations under the Settlement Agreement have been satisfied through the payment of $9,900,000.00 to the Settlement Fund, in accordance with the Settlement Agreement.

21. Any Plan of Allocation submitted by Class Counsel or any order entered regarding any application for Fee and Expense Award and Service Awards shall in no way disturb or affect this Final Approval Order, and shall be considered separate from this Final Approval Order. A separate order

shall be entered regarding approval of the Fee and Expense Award, and Service Awards. Any appeal or any challenge affecting the approval of the Plan of Allocation, Fee and Expense Award, and Service Awards, shall in no way disturb or affect the finality of the other provisions of this Order nor the Effective Date of the Settlement.

22. Without affecting the finality of this Order in any way, the Court reserves jurisdiction over the subject matter and each Party to the Settlement Agreement with respect to the interpretation and implementation of the Settlement Agreement for all purposes, including enforcement of any of the terms thereof at the instance of any Party and resolution of any disputes that may arise relating to the implementation of the Settlement or this Order. This Order applies to and is binding upon the Parties, the Settlement Class Members, and their respective heirs, successors, and assigns.

23. In the event that the Effective Date does not occur in accordance with the terms of the Settlement Agreement, then the Settlement Agreement, including any amendment(s) thereof, except as expressly provided in the Settlement Agreement, and this Order shall be null and void, of no further force or effect, and without prejudice to any Party, and may not be introduced as evidence or used in any actions or proceedings by any person or entity against the Parties, and the Parties shall be deemed to have reverted to their respective litigation positions as of May 26, 2022.

24. Defendants have provided notification to all appropriate federal and state officials regarding the Settlement as required by 28 U.S.C. § 1715.

25. The Action, including all actions consolidated into the Action, and all Released Claims are dismissed on the merits with prejudice.

**IT IS SO ORDERED.**

Dated: July 18, 2023

Hon. James Donato
United States District Judge

# Exhibit 1



*In re Robinhood Outage Litigation*
**Exclusion Report**

| Number | First Name | Last Name |
|---|---|---|
| 1 | David | Carney |
| 2 | John | Ezekiel |
| 3 | Angel | Delgado |
| 4 | Lawton | Campbell |
| 5 | Scott | Silva |
| 6 | Dallys-Tom | Medali |
| 7 | Mitchell | Galloway |
| 8 | Eric | Wilkison |
| 9 | Francisco Jose | Martorano |
| 10 | Earl | Herman |
| 11 | Christina | Phonsey |
| 12 | Jonathan | Yeung |
| 13 | Alex | Lizarde |
| 14 | Mark | Demsko |