**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In Re: Robinhood Outage Litigation | Master File No. 3:20-cv-01626-JD <br><br> **CLASS ACTION** <br><br> [~~PROPOSED~~] ORDER RE ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARDS |

The Court granted final approval of the class settlement. Dkt. No. 201. Counsel for plaintiffs have requested an award of (i) attorneys' fees equaling 30% of the $9,900,000 non-reversionary settlement amount ($2,970,000), (ii) unreimbursed expenses totaling $1,102,432.84, and (iii) "service awards" in the amount of $2,500 per named plaintiff. Dkt. No. 190. The Court grants the request as stated below. This order is based a draft lodged by plaintiffs and modified in accordance with the Court's practices and conclusions.

I.  **ATTORNEYS' FEES**

1. Reasonable attorney's fees and costs are allowed under Federal Rule of Civil Procedure 23(h).

2. In approving a settlement, "courts have an independent obligation to ensure that the award [of attorneys' fees], like the settlement itself, is reasonable." *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 941 (9th Cir. 2011). The Ninth Circuit has recognized two methods of calculating reasonable attorneys' fees: the lodestar method and the percentage-of-recovery method. *Id.* at 941-42. "Where a settlement produces a common fund for the benefit of the entire class, courts have discretion to employ either the lodestar method or the percentage-of-recovery method." *Id.* at 942 (citing *In re Mercury Interactive Corp.*, 618 F.3d 988, 992 (9th Cir. 2010)). "The use of the percentage-of-the-fund method in common-fund cases is the prevailing practice in the Ninth Circuit for awarding attorneys' fees and permits the Court to focus on a showing that a fund conferring benefits on a class was created through the efforts of plaintiffs' counsel." *In re Korean Air Lines Co.,*

1  *Ltd. Antitrust Litig.*, No. CV 07-05107 SJO (AGRx), 2013 WL 7985367, at *1 (C.D. Cal. Dec. 23, 2013).

3. For this case, which features a $9.9 million, non-reversionary common fund benefits the entire class, the Court will apply the percentage-of-the-fund method.

4. A 25% "benchmark" percentage has been recognized as potentially useful, albeit in no way mandatory or binding. *See Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002); *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998). The Court will consider: "(1) the results achieved; (2) the risk of litigation; (3) the skill required and the quality of work; (4) the contingent nature of the fee and the financial burden carried by the plaintiffs; and (5) awards made in similar cases." *In re Lenovo Adware Litig.*, No. 15-md-02624-HSG, 2019 WL 1791420, at *8 (N.D. Cal. Apr. 24, 2019) (citing *Vizcaino*, 290 F.3d at 1050-51).

5. On the record before the Court, the $9.9 million settlement amount is a reasonable result. Plaintiffs state that the $9.9 million Settlement represents a recovery of more than 48% of the $20.5 million in estimated losses. The case involved some novel facts that required additional investigation and legal work. Some of the legal issues were also relatively novel, including whether Robinhood had a legal obligation to maintain contingency plans for traders on an online-only securities trading platform. Robinhood contested liability, filed a motion for summary judgement on all of the claims, and challenged plaintiffs' experts. Plaintiffs' counsel developed the facts, propounded discovery, took depositions, and engaged a damages consultant.

6. Overall, on the record in this case, the proposed fee award of 30% is reasonable. A cross-check against the lodestar method supports this conclusion. *See Vizcaino*, 290 F.3d at 1050 ("Calculation of the lodestar, which measures the lawyers' investment of time in the litigation, provides a check on the reasonableness of the percentage award."). Plaintiffs' counsel provided a detailed declaration describing the amount of work performed, by category and broken down by work categories. In total, Plaintiffs' counsel collectively devoted more than 9,281 hours on this matter from consolidation through June 30, 2022. In light of the needs of the case, and the amount of necessary attorney work performed, the Court finds that the amount of hours spent is reasonable.

7. Plaintiffs' counsel applied their customary professional rates. The Court finds that the rates billed are consistent with rates that have been awarded in this District. Based on all of these

factors, counsel have a combined lodestar of $5,420,870.  Plaintiffs' Counsel's fee request of $2,970,000 is a negative multiplier of 0.54.  This multiplier is well below the range that courts in the Ninth Circuit and elsewhere regularly approve.  *See Vizcaino*, 290 F.3d at 1051, & Appendix (approving multiplier of 3.65 and citing cases with multipliers as high as 19.6).

8. Consequently, the Court concludes that an attorneys' fee award equal to 30% of the $9.9 million fund is fair and reasonable, and approves that award.

9. Class Counsel has the sole and absolute discretion to allocate this award to Plaintiffs' Counsel and any other attorneys based on each attorney's contributions to the prosecution and settlement of these Actions.  No other counsel will be entitled to an independent award of attorneys' fees.

## II. EXPENSES

10. Plaintiffs' counsel has substantiated $1,102,432.84 in unreimbursed litigation expenses, including costs advanced in connection with consultants, legal research, court reporting services, copying and mailing, and other customary litigation expenses.  The Court finds that Class Counsel's declarations and supporting billing records adequately support their cost requests.

11. The Court finds that the request for reimbursement of expenses of $1,102,432.84 is fair and reasonable, and approves that award.

12. Class Counsel has the sole and absolute discretion to allocate this award to Plaintiffs' Counsel and any other attorneys based on each attorney's contributions to the prosecution and settlement of these Actions.  No other counsel will be entitled to an independent award of expenses.

## III. SERVICE AWARDS

13. The Court has expressed skepticism of outsize "service awards" to named plaintiffs.  *See, e.g.*, *Myles v. AlliedBarton Sec. Servs., LLC*, No. 12-cv-05761-JD, 2014 WL 6065602, at *6 (N.D. Cal. Nov. 12, 2014); *Arnold v. DMG Mori USA, Inc.*, No. 18-cv-02373-JD, 2022 WL 18027883, at *5-6 (N.D. Cal. Dec. 30, 2022).  Such awards are not consonant with Federal Rule of Civil Procedure 23(e)(2)(D) and traditional concepts of fairness and equity among class members, named and absent.  Even so, the Court will consider some additional compensation to named plaintiffs who put in extra work or took personal risks in serving as plaintiffs.

14. Plaintiffs purpose an award of $2,500 each.  The record does not indicate that this amount is warranted, or that all the named plaintiffs should get it.  Consequently, after reviewing the record, the Court approves an award of $1,500 to each of the following individuals:  plaintiffs Daniel Beckman, Emma Jones, Mahdi Heidari Moghadam, Howard Morey, Colin Prendergast, Raghu Rao, Michael Riggs, and Jason Steinberg, as those Plaintiffs were members of the Settlement Class.  These individuals materially assisted counsel with the case and provided personal financial information, some of which had to be disclosed publicly in court filings and the experts' reports.

15. The Court denies the request for plaintiffs Joseph Gwaltney, Leila Kuri, Jared Leith, Omeed Mahrouyan, Kevin Russell, Jared Ward, and Mengni Xia, as those Plaintiffs were not members of the Settlement Class.

**IT IS SO ORDERED.**

Dated:  July 28, 2023

HON. JAMES DONATO
United States District Judge